## MEACHAM *v.* MEACHAM.

### (*Jackson.*    June 7, 1892.)

1. PARTITION.  *Of land by parol, valid.    Statute of frauds.    Registration.*
   Parol partition of lands is valid.   A partition is not a sale, and there-
   fore not within the statute of frauds.   A parol partition is not sus-
   ceptible of registration, and therefore not within the registration laws.
   Code construed: §§ 2423, 2890 (M. & V.); §§ 1758, 2075 (T. & S.).

2. HOMESTEAD.   *In lands partitioned by parol.*
   And hence the right of homestead exists in lands set apart in severalty
   to the head of a family under a parol partition.
   Case cited: J. I. Case Co. *v.* Joyce, 89 Tenn., 337.

---

FROM LAUDERDALE.

---

Appeal    from    Chancery    Court    of    Lauderdale
County.    H. J. LIVINGSTON, Ch.

THOS. STEELE  for  Complainant.

W. E. LYNN  for  Defendant.

L. LEHMAN, Sp. J.    The defendant, Jesse Meacham,
as  appears  from  the  record,  on  July 24, 1890, re-
covered  a  judgment  against  the  complainant  before

a Justice of the Peace in Lauderdale County, for the sum of $435 and costs of the suit, and caused an execution issued thereon to be levied on the undivided six-sevenths of certain lands owned by the complainant and D. B. Norvel, who is joined as a defendant in the cause. Such execution, so levied, with the papers in the suit wherein the judgment was rendered, were filed in the Circuit Court of Lauderdale County for the purpose of having the said six sevenths of said land condemned and sold to pay the said judgment.

The complainant alleges in the bill that, prior to the levy of said execution, he and Defendant Norvel partitioned the said land by a *parol* partition, and set apart their shares thereof in severalty. The bill sets forth by proper description the part of the land which was, under that partition, allotted to the complainant as well as that which was assigned to Norvel.

It is further averred that the said land, so allotted to complainant, is worth less than $1,000, and that he is the head of a family residing in this State, and is entitled to hold the same as his homestead, exempt from levy and sale under execution.

Upon the allegations of the bill, the sale of the land was enjoined *in limine.* The defendant, Jesse Meacham, demurred to the bill, on the ground that the alleged *parol partition* of the land was ineffectual as against a creditor of either of the tenants in common, which demurrer was by the Chancellor overruled.

The defendant, Jesse Meacham, answered the bill, denying the parol partition, and insisting upon its invalidity as to him, as a judgment creditor of the complainant. Proof was taken, and the allegations of the bill were established; and the Chancellor adjudged that the parol partition between the complainant and Norvel was valid, and that complainant was entitled to hold the land allotted to him, as a homestead, and that defendant, Jesse Meacham, was only entitled to subject the remainder interest therein to his judgment.

Under that decree the injunction, modified to the extent of allowing the land to be sold subject to the homestead of complainant, was made perpetual.

The defendant, Jesse Meacham, appealed to this Court, assigning for error the action of the Chancellor in adjudging the parol partition good, and allowing complainant a homestead in the land. Of course, if the contention to the effect that the parol partition was invalid, is correct, the decree of the Chancellor must be reversed. This is so because the homestead exemption does not apply to lands held by the debtor in common with another or others. *The J. I. Case Company* v. *Joyce*, 5 Pickle, 337. This contention of the appellant is put on the propositions that a parol partition contravenes the statute of frauds, and the registration statutes in force in Tennessee.

*First.*—Our statute of frauds (Code, § 1758) provides that "no action shall be brought upon any

contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."

Is a parol partition within this section of our statute of frauds? A partition is not a sale. It is a separation between joint owners or tenants in common of their respective interests in land, and setting apart such interests, so that they may enjoy and possess the same in severalty. Partition, when procured by one tenant in common *in invitum* by judicial sentence, has never been treated as a sale or involving any of the elements of a sale.

At common law, tenants in common might make partition by parol. 17 Am. and Eng. Ency. Law, 667. Our statute of frauds has not changed this rule of the common law, and, consequently, it is yet in vogue in Tennessee. However, if a parol partition did fall within our statute of frauds, it ought not to be subject to attack by a creditor of one of the parties thereto. A verbal sale is not void, but only voidable, and can only, as a general rule, be avoided by the grantor or grantee.

*Second.*—Are the registration laws in the way of a parol partition as against a creditor of one of the tenants in common? The statute provides that instruments comprehended therein, not registered,

shall be null and void as to existing. or subsequent creditors of the maker. Code, § 2075. Section 2030 of the Code says that "the following writings may be registered," enumerating them. Certainly the evidence of a transaction which is allowed to be done by the mere act of the parties, or which may rest *in pais,* cannot, in the very nature of things, be recorded or registered.

Conceding that a parol partition is good between the parties thereto, it would operate unjustly to permit creditors of one of the parties to disturb or set aside the partition, especially creditors who obtained judgments after the partition.

The decree of the Chancellor is correct, and his decree is affirmed.