MAPLES *v.* RAWLINS.

(*Knoxville.* October 13, 1900.)

1. HOMESTEAD. *Attaches prior to judgment lien.*

Upon the purchase of land by the head of family, against whom there exists, at the time, a judgment in a Court of record, the homestead attaches in his favor and prevails over the lien of the judgment.

2. SAME. *Debtor's purchase of homestead not fraudulent as to his creditors.*

The purchase of homestead by a debtor, with funds furnished by his wife and sons, is not fraudulent as to his creditors.

Cases cited: Hollands *v.* Webb, 2 Shann. Cas., 582; Dolbey *v.* Mullens, 3 Hum., 437; Wagner *v.* Smith, 13 Lea, 569; McCrae *v.* McCrae, 103 Tenn., 719.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. R. H. SANSOM, Sp. Ch.

WELCKER & PARKER for Maples.

GREEN & SHIELDS and A. C. GRIMM for Rawlins.

WILKES, J. The question in this case is one of homestead. Rawlins recovered judgment against Maples June 30, 1898; Maples bought the real

estate in controversy December 19, 1898. On the same day that he bought it and had it conveyed to himself, but at a later hour, he mortgaged it back to Ward, from whom he got it, to secure him the balance of purchase money. Rawlins had the property levied on, and complainant filed this bill against him and the Sheriff to have his right to homestead declared. The Chancellor decreed that complainant was entitled to a homestead exemption, but that defendant had a right to have the property sold subject to the homestead. Defendant appealed and assigned errors.

Complainant is the head of a family. The insistence of defendant is that his judgment lien, which was in a Court of record, fastened itself upon the property as soon as the title vested in the complainant, and was superior to the homestead right. It is also insisted that the money invested in this homestead was subject to complainant's debts, and could not be invested in a homestead that would be free from such debts.

In *Hollands* v. *Webb,* 2 Shannon, 582, it was held that property subject to execution could not be converted into a homestead for the purpose and with the intent to defeat creditors of their debts, but that if a debtor had money on hand he might convert it into a homestead. Money in the hands of a debtor is not subject to be seized under execution. If it came to the hands of an officer who has an execution in his hands against

Maples *v.* Rawlins.

the owner, it may be applied to such execution. *Dolbey* v. *Mullens,* 3 Hum., 437.

So if it be in the hands of a third person that person may be garnisheed. In the present case, however, the Court of Chancery Appeals report that the money invested in this land was not that of the debtor, but was furnished by the wife and sons. A creditor cannot complain of the sale and conveyance of personal property not liable to execution in the hands of his debtor. *Wagner* v. *Smith,* 13 Lea, 569.

There can be no question of fraud in the case under the finding of the Court of Chancery Appeals.

In *McCrae* v. *McCrae,* 19 Pick., 719, it was held that when a widower with minor children made a will in which he directed that his land be sold for his debts that the homestead right of the minors was superior to that of the creditors provided for in the will, that the right to homestead in the minor children attached immediately on the father's death, and took effect simultaneously with the will, and in such case the Courts, in enforcing the spirit of the Constitution, would give the homestead priority.

A similar principle applies to this case, and the homestead right attached at the same time the lien of judgment did, but is superior to it. The decree of the Court of Chancery Appeals is affirmed.