## SHANKS v. HARDIN.
### No. 7672.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1939.

John A. Armstrong, of Greeneville, Tenn. (Kilgo & Armstrong and John A. Armstrong, all of Greeneville, Tenn., on the brief), for appellant.

James N. Hardin, of Greeneville, Tenn. (James N. Hardin, of Greeneville, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Shanks, appellant, as tenant in common owned a one-fifth undivided interest in a farm, his brothers and sisters owning the other four-fifths. It was stipulated that "in contemplation of bankruptcy, and in an effort to convert non-exempt property to exempt property, so that the same could not be reached by creditors, and that homestead might be claimed against creditors, which he would not otherwise be entitled to, and to defeat creditors, G. H. Shanks * * *" procured the execution by his brothers and sisters of deeds to himself, conveying 25 acres of the farm as his sole and separate property. The deeds were executed on August 13, 1936, and registered on August 18 following.

Prior to their execution Shanks, as a tenant in common had no homestead rights in the farm. The J. I. Case Co. v. Joyce, 89 Tenn. 337, 16 S.W. 147, 12 L.R.A. 519. Other questions aside, by their execution he would have become entitled to homestead in the 25 acres set apart to him. Meacham v. Meacham, 91 Tenn. 532, 19 S.W. 757.

But on August 22, Shanks was adjudicated a bankrupt upon his voluntary

178

petition that day filed. He was not only insolvent at the time of the transfers but did not have sufficient assets to pay his creditors in full even though the 25 acres should be sold free from homestead. The trustee declined to allow him a homestead in the 25 acres. The referee held that he could not, in contemplation of bankruptcy, procure the execution of the partition deeds to himself for the purpose of converting nonexempt property into property in which he would be entitled to a homestead and thus prevent his creditors from reaching it. The court concurred and ordered the land to be sold free from the claim of homestead.

In Hollins v. Webb, 2 Shan.Cas.Tenn., page 581, Webb undertook to apply his personal property to the discharge of a lien subsisting on land for the purchase money, in order that he might claim the land as exempt under the homestead law. The court said that:

"If the claim is allowed he will * * * have taken assets liable for the payment of his debts, and put them in land that they might be beyond reach of his creditors.

"This, we think, would be to allow the perpetration of a fraud upon his creditors, and cannot be permitted. In Bump on F. Con., 268–9, it is said that partners who own land in common will not be allowed to divide it in fraud of creditors, so that each may claim a homestead, and it is further said that it is a fraud for a debtor to convert his assets into property which is exempt from execution. * * * The fraud seems to consist in this: The debtor who has property subject to his creditor's claim, by his own act places it beyond their reach, and secures to himself all the benefits to be derived from it."

The Hollins case was cited apparently with approval in Maples v. Rawlins, 105 Tenn. 457, 458, 58 S.W. 644, 80 Am.St.Rep. 903, and, being a decision of the Supreme Court of the State, we regard it as controlling. Meacham v. Meacham, supra, is cited to the contrary but is not applicable. The factual situation is entirely different. There was no effort in the Meacham case, such as is conceded here, by an insolvent debtor in contemplation of bankruptcy, to convert property, subject to execution, into a homestead for the express purpose of defeating his creditors.

The order of the District Court is affirmed.