COOPER *v.* POTTER *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed March 2, 1940.

WILL R. STORIE, of Jamestown, for plaintiff.

H. N. WRIGHT and JOHN S. HALE, both of Jamestown, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

This is a summary motion by petitioner Cooper, entered in the Circuit Court of Fentress County pursuant to section 9518 of the Code, against Sheriff Taylor for making an insufficient return of an execution. The trial court dismissed the petition because it failed to state a cause of action, and Cooper has appealed to this court and assigned error on the action of the trial court in dismissing his petition.

Cooper obtained a judgment in the circuit court against Potter for $100 and costs, upon which an execution was issued and placed in the hands of the sheriff. At the same time an execution was issued and placed in the hands of the sheriff on a judgment which Potter had obtained against Cooper before a justice of the peace for $44.04; so that the sheriff had both executions in his hands when he collected the circuit court judgment and out of the proceeds satisfied the justice of the peace judgment, setting forth this fact in his return of the execution issued from the circuit court.

Counsel for Cooper takes the position that this constituted an insufficient return; so that his client is entitled to a judgment against the sheriff for $44.04, with 12½ per cent damages.

Upon this question the authorities are in conflict. 23 C. J., 359. In this jurisdiction, however, the rule which the sheriff followed in the instant case has prevailed for nearly a century. *Dolby* v. *Mullins,* 22 Tenn. (3 Humph.), 437, 39 Am. Dec., 180; *Simpson* v. *Sparkman,* 80 Tenn. (12 Lea), 360; *Maples* v. *Rawlins,* 105 Tenn., 457, 58 S. W., 644, 80 Am. St. Rep., 903; Gilreath's Caruthers' History of a Lawsuit (1937), section 428.

Counsel for petitioner insists that a distinction should be made where one execution issues from a court of record while the other emanates from a magistrate's court. But our statute gives them a status of equality. Section 8937 of the Code provides:

"When an execution issued from the judgment of a court of record, and an execution from a justice's judgment, are levied on the same personal property, the execution first levied shall have preference."

The justice of the rule adopted in this state is illustrated in the case we are considering. The petitioner is seeking to collect his judgment in full without satisfying the judgment which Potter obtained against him. Since petitioner is insolvent, he having prosecuted his appeal in this case upon the oath provided for poor persons, such a result would enable petitioner to escape paying his honest debt and work an injustice to his creditor.

There is no error in the judgment of the trial court and it will be affirmed.