**In re Garlen Howard DAWSON, Debtor.**

**Thomas E. RAY, Trustee, Plaintiff,**

**v.**

**Garlen Howard DAWSON, Christine G. Dawson, First Federal Savings and Loan Association: and FMLS, Inc., Trustee, Defendants.**

**Bankruptcy No. 1–80–00743.**
**Adv. Proceeding No. 1–80–0247.**

United States Bankruptcy Court, E. D. Tennessee.

April 17, 1981.

Scott N. Brown, Jr., Brown, Ray & Dobson, Chattanooga, Tenn., for plaintiff.

George Koontz, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for defendants Garlen Howard and Christine G. Dawson.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq. (the "Code"). His wife did not file a bankruptcy petition.

The trustee seeks to sell real property which the debtor and his wife own as tenants by the entirety. The trustee alleges that the property is worth approximately $60,000 and is encumbered by an indebtedness of approximately $25,000.00.

The trustee alleges that he:

... is entitled to sell said real property pursuant to Bankruptcy Code § 363(h) and to apportion the proceeds between the estate, the debtor, and the debtor's wife. Plaintiff alleges that a partition in kind of this property is impracticable, it being a single family residence; that a sale of the estate's undivided interest in said property would realize significantly less than the sale of the entire fee interest; that the benefit to the estate will outweigh any detriment to the co-owner of the property; and that the property is not of a type described in § 363(h)(4).

Debtor denies that the trustee has a right to sell the real property and in his brief at page 5, points out:

Debtor herein elected to take the "State exemptions" pursuant to § 522(b)(2). Debtor relies upon, more specifically, § 522(b)(2)(B) to claim exemption to the total extent his interest in tenants by the entireties property "is exempt from process under applicable non-bankruptcy law".

### Issue

The issue before the court is whether the trustee in bankruptcy of the husband can sell real property owned by the husband and wife as tenants by the entirety when the wife is not in bankruptcy.

The debtor and his wife own two parcels of real property in Chattanooga. One is a house and lot where they reside. This property is mortgaged to First Federal Savings and Loan Association. The other parcel of real estate is a vacant lot which adjoins the residence. It is valued at $6,000 and not subject to any liens.

The debtor claimed his exemptions in personal and real property as allowed by the Tennessee statutes in effect at the time of bankruptcy. 11 U.S.C. § 522(b); Tenn. Code Ann. § 26–301 (Supp. 1979).[1] Specifi-

---

1. 26–301. Constitution exemption.—An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence.

The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000).... The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual....

cally, he claims a homestead exemption of $5,000 in the house and lot where he and his wife reside.

It is not disputed that the debtor and his wife own the property as tenants by the entirety. It is not disputed that First Federal Savings and Loan Association has a valid first mortgage on the house and lot. FMLS is the trustee under the deed of trust.

The debtor's wife, Christine G. Dawson, has not filed a petition in bankruptcy.

The trustee seeks to sell the property, pay First Federal, and divide the remaining proceeds between the bankruptcy estate and the debtor's wife.

The trustee relies on § 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h). It provides:

(h) Notwithstanding subsection (f) ... the trustee may sell both the estate's interest under subsection (b)... and the interest of [2] any co-owner in property in which the debtor had immediately before commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) [not relevant]

The meaning or purpose of § 363(h) is best understood by considering its history. That begins with the law under the code's predecessor, the Bankruptcy Act. The court is particularly concerned with how the Act treated property owned by the bankrupt and his wife as tenants by the entirety.

Only a husband and wife can be tenants by the entirety. They are treated as one person who owns the property. *Taul v. Campbell*, 15 Tenn. 318 (1835). The two chief attributes of a tenancy by the entirety derive from that concept. The first attribute is inalienability. During their married lives, both spouses must join in a conveyance in order for it to convey complete ownership. A conveyance by one spouse will leave the other's ownership undisturbed. The second attribute is the right of survivorship. When one spouse dies, the other is the sole owner of the property without any interest passing by inheritance. *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974).

Typically, the interest of each spouse in entirety property includes the right of survivorship and the right to use, possess, and enjoy the property during the marriage. Craig, An Analysis of Estates by the Entirety in Bankruptcy, 48 Bankr. L.J. 255, 256–259 (1974). That is the law in Tennessee. *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974). But under the Bankruptcy Act, the trustee did not necessarily succeed to all of a bankrupt spouse's rights or interest in entirety property.

Section 70(a)(5) provided that the trustee acquired title to any property that prior to bankruptcy could have been transferred by the bankrupt or levied upon and sold by his creditors. 11 U.S.C. § 110(a)(5) (1976). As to entirety property, that meant the trustee acquired title to what the bankrupt could convey free of his spouse's interest and what his individual creditors could levy upon and sell. See Craig, above at 262–263. That was a matter of state law. For example, in Tennessee neither spouse alone can make any conveyance that will affect the other's interest. But each can convey his or her right of survivorship, and it can be levied upon and sold by his or her individual creditors. See *Citizens & Southern National Bank v. Auer*, 640 F.2d 837 (6th Cir. 1981); *In re Templeton*, 1 B.R. 245,

---

**2.** Subsection (b) of § 363 provides that the trustee may sell property of the estate, other than in the ordinary course of business, only after notice and a hearing.

21 C.B.C. 710 (Bkrtcy. Ct. E.D. Tenn.1979) (*Peters v. White County Farm Supply, Inc.*); *Robinson v. Trousdale County,* above. Thus the trustee in bankruptcy for one spouse obtained title only to the bankrupt's right of survivorship.

The situation was different in other states. But when one spouse filed bankruptcy, it still caused problems for the joint creditors, particularly if the other spouse later filed. Craig, above at 267–272.

Proposed reforms of the bankruptcy law undertook to cure the problems with entirety property when only one spouse filed bankruptcy. In particular, the Commission on Bankruptcy Laws of the United States proposed a two-step process. Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc.No. 93–197, 93d Cong., 1st Sess. Part I at 195–196 (1973). First, the definition of property that passed to the bankruptcy estate was made broad enough to include all of a bankrupt spouse's interest in entirety property, rather than just the interest which was transferable or leviable under state law. Report, Part II § 4–601 at 147. Second, the trustee was given the right to sell the interest that came into the estate and the other spouse's interest. In other words, the trustee could sell the property as could the husband and wife acting together. The non-bankrupt spouse's rights were to be protected by distribution of the proceeds. Report, Part II § 5–203(c) at 191.

The proposed reform was tied to the proposal that exemptions be set by the bankruptcy law. The interest that came into the estate was subject to the homestead exemption allowed by the bankruptcy law. Report, Part I at 170–172, Part II § 4–503 at 125–130. The proposed statute specifically provided that the trustee be allowed to sell the debtor's and his spouse's interest in *nonexempt* property owned by them as tenants by the entirety. · Report, Part II § 5–203(c) at 191.

■ The present Code does not exactly follow the proposals. It follows two of the ideas. First, the definition of property of the estate is broad enough to include all of a bankrupt spouse's interest in entirety property. 11 U.S.C. § 541(a); *In re Ford,* 3 B.R. 559, 6 B.C.D. 202, 1 C.B.C.2d 840 (Bkrtcy. Ct. D. Md.1980) aff'd per curiam 638 F.2d 14, 3 C.B.C. 2d 549 (4th Cir. 1981) (*Greenblatt v. Ford*). Second, the Code rejects the former rule that exempt property does not come into the estate. All of the debtor's interests in property come into the estate but may be exempted out. 11 U.S.C. § 522(b); *In re Ford,* above; 4 Collier on Bankruptcy ¶ 541.02[3] (15th ed. 1980).

The crucial difference is that the Code allows a debtor to choose either its exemptions or those allowed by state law and other federal law. 11 U.S.C. § 522(b). If a debtor chooses the state exemptions, then he can also exempt—

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

Congress for some reason said "exempt from process" rather than "immune from process". "Exempt" suggests statutory exemptions, but Congress apparently meant common law immunity. That should be obvious since state statutory exemptions are covered in the sub-paragraph (A) of the same subsection. See also *In re Koehler,* 6 B.R. 203, 6 B.C.D. 1126 (Bkrtcy. Ct. M.D. Fla.1980) (*Hadley v. Koehler*); *In re Ford,* above.

Since Congress meant immune from process, it was adopting in part the test used under § 70(a)(5) of the Bankruptcy Act. It is not known why Congress did this, but the effect is clear enough. If a debtor chooses state exemptions, then property in which he is a tenant by the entirety will be treated substantially as it was under the Bankruptcy Act. *In re Koehler,* above.

■ Section 363(h) consistently refers to the estate's interest in property rather than the debtor's interest. The estate's interest depends on what comes into the estate and

what goes out as exempt property. When the debtor in this case filed bankruptcy, all of his interest as a tenant by the entirety came into the estate. He claimed his homestead exemption as allowed by the Tennessee statutes. He did not specifically claim the exemption allowed by § 522(b)(2)(B) although he relies on that section in his brief. The court will consider the case as if the property was claimed as exempt under § 522(b)(2)(B) and Tennessee law.

The result is that the estate's interest is only the debtor's right of survivorship. If the trustee can sell the property, the estate would be entitled only to the proceeds attributable to the debtor's right of survivorship. The trustee's proposed sale was based on the estate being entitled to a share of the net proceeds of sale of the debtor's entire interest, not just the debtor's right of survivorship. As to the house and its lot, the court does not think the requirement of § 363(h)(3) can be met if the estate is to receive only the proceeds of the right of survivorship. Such rights are typically of little value, and the trustee has not shown otherwise in this proceeding. There would be little benefit to the estate compared to the detriment to the debtor's wife.

The debtor also claimed his Tennessee homestead exemption in the house and lot. If the trustee could sell the property, the debtor could claim $5,000 of the proceeds as exempt. See *White v. Fulghum*, 87 Tenn. 281, 10 S.W. 501 (1888). Of course, the trustee's proposed sale is based on the estate's saleable interest being worth more than $5,000.

The court finds, however, that the estate's interest is only the debtor's right of survivorship. The estate will receive all the proceeds from sale of this interest. The purchaser will take it subject to the debtor's right to a homestead exemption if he is the survivor. *In re Shaw*, 5 B.R. 107, 6 B.C.D. 651, 2 C.B.C.2d 599 (Bkrtcy. Ct. M.D. Tenn. 1980) (*Waldschmidt v. Shaw*).

As to the vacant lot, a sale of it might not be a great detriment to the debtor's wife. But in light of the value of the property, the estate probably would receive little, if any, benefit from a sale of the right of survivorship. On the proof before it, the court cannot say the requirement of § 363(h)(3) has been met.

Furthermore, § 363(h)(2) suggests that if the estate has less than the debtor's undivided interest as a tenant by the entirety, then the other spouse's interest cannot be sold. Judge Hippe reached that conclusion in *In re Shaw*. Certainly it makes sense that the trustee should not be able to sell all of the non-bankrupt spouse's interest when he can sell only the debtor's right of survivorship. There would be an inequitable division of rights in the property. Thus under § 363(h)(2) the trustee can sell neither the house and its lot nor the vacant lot.

### Summary

This court agrees with the decision of Judge Hippe in *In re Shaw*. This court would like to emphasize one practical point. If a debtor claims and is allowed Code exemptions then the real property exemption is a certain dollar amount. If entirety property has enough equity, the trustee may seek to sell it under § 363(h) and allow the debtor's exemption in the proceeds. On the other hand, if a debtor claims state exemptions, then depending on state law, § 522(b)(2)(B) may effectively prevent a sale under § 363(h) by allowing the debtor to exempt most of his interest in the entirety property. Tennessee law has that effect as to real property owned by the entirety.[3] In bankruptcy cases commenced since June 1, 1980, only the Tennessee exemptions can be claimed. In Tennessee, the legislature has made it unlikely that the bankruptcy of one spouse will lead to a sale of entirety property for the benefit of creditors.

The trustee will offer for sale only the debtor's right of survivorship interest in the residence and vacant lot. The debtor will

---

**3.** See *In re Weiss* in which § 522(b)(2)(B) didn't help the debtor because under New York law, the debtor's interest was subject to levy by his creditors. 4 B.R. 327, 6 B.C.D. 431, 2 C.B.C.2d 426 (Bkrtcy. Ct. S.D.N.Y.1980).

be entitled to no exemption from the proceeds.

This memorandum constitutes findings of fact and conclusions of law.   Bankruptcy Rule 752.