**Thomas E. RAY, Trustee, Plaintiff-Appellant,**

v.

**Garlen Howard DAWSON; Christine G. Dawson; First Federal Savings and Loan Association; and Fmls, Inc., Trustee, Defendant-Appellees.**

No. Civ. 1–81–192.

United States District Court, E. D. Tennessee, S. D.

Sept. 4, 1981.

Scott N. Brown, Jr., Brown, Ray & Dobson, Chattanooga, Tenn., for plaintiff-appellant.

Glenn R. Copeland, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for the Dawsons.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an appeal from the bankruptcy court pursuant to Rule 801 of the Rules of Bankruptcy Procedure. In an adversary proceeding brought by the trustee in bankruptcy for the sale of two parcels of realty owned by the debtor and his wife as tenants by the entirety, the bankruptcy court ruled that the trustee could not sell the realty, but could only sell the debtor's right of survivorship therein. The trustee has appealed. At issue is the right, if any, of the trustee to sell property owned by the debtor and his wife as tenants by the entirety, which property has been listed as "exempt" under Section 522(b)(2)(B) of the Bankruptcy Code (the "Code"), 11 U.S.C. Sec. 522(b)(2)(B).

The facts set out in the bankruptcy judge's opinion, published at 10 B.R. 680 (Bkrtcy.Ct.E.D.Tenn.1981), are essentially as follows: The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. Sec. 101 *et seq.* His wife did not file a bankruptcy petition.

Among the property owned by the debtor and his wife were two parcels of real property in Chattanooga, Tennessee, one being their house and its lot and the other being an adjoining vacant lot. The house and its lot were mortgaged to First Federal Savings and Loan Association, and the vacant lot was unencumbered. The debtor claimed his exemptions in personal and real property as allowed by Tennessee law in effect at the time of the filing of his petition, T.C.A. Sec. 26–301 (Supp.1979), pursuant to 11 U.S.C. Sec. 522(b). Tennessee law then provided a $5,000.00 homestead exemption.

The trustee filed a complaint in the bankruptcy court seeking to sell both parcels of land, pay off the mortgage, and divide the remainder between the bankruptcy estate and the debtor's wife. In so doing, he relied upon Sec. 363(h) of the Code, 11 U.S.C. Sec. 363(h). The bankruptcy court held that the debtor, by claiming his allowable exemptions under Sec. 522(b)(2)(B) of the Code, left only his right of survivorship in the two parcels of land within the bankruptcy estate, and the court accordingly directed the sale of only that interest, and not the sale of the land in fee simple.

Section 363(h) of the Code provides in relevant part:

"(h) Notwithstanding subsection (f) . . . the trustee may sell both the estate's interest under subsection (b) . . . and the interest of any co-owner in property in which the debtor had immediately before commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

"(1) partition in kind of such property among the estate and such co-owners is impracticable;

"(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

"(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

"(4) [not relevant]"

Under the Bankruptcy Act, the predecessor of the Bankruptcy Code, the trustee acquired title to any property that prior to bankruptcy, could have been transferred by the bankrupt or levied upon by his creditors, 11 U.S.C. Sec. 110(a)(5) (1976). Thus with regard to property held by the entirety, the trustee acquired title only to that property interest that the bankrupt could have conveyed free of his spouse's interest and which his individual creditors could levy upon and sell. In Tennessee, neither spouse can convey or encumber property held by the entirety in a manner that will affect the other's interest, *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974), each spouse being able only to transfer his or her right of survivorship, and only that interest being subject to levy and sale by that spouse's creditors. See *Citizens & Southern National Bank v. Auer*, 640 F.2d 837 (6th Cir. 1981). As a result, under the prior bankruptcy law, the trustee acquired title only to the bankrupt's right of survivorship.

The new Bankruptcy Code operates in a somewhat different fashion but achieves the same result in Tennessee. Under the Code, Sec. 541(a)(1), 11 U.S.C. Sec. 541(a)(1), includes in the bankruptcy estate all the legal or equitable property interests of the bankrupt as of the commencement of the case. Then Section 522, 11 U.S.C. Sec. 522, allows the bankrupt certain exemptions. Specifically, in this case, the bankrupt chose to exercise his exemptions under Section 522(b)(2)(B) which reads:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .

"(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process under applicable nonbankruptcy law*." (emphasis added).

Since in Tennessee, property held by the entirety is exempt from process by the creditors of an individual spouse, *Robinson v. Trusdale County*, 516 S.W.2d 626, 632 (Tenn.1974), the bankruptcy court correctly held that the two parcels of land in the instant case were exempt from the bankruptcy estate and could not be sold by the trustee. The trustee takes issue with this holding urging that the wording of Section 522(b)(2)(B), "exempt from process under applicable non-bankruptcy law" suggests a statutory exemption from process rather than the common law immunity provided by Tennessee case law. The bankruptcy judge dealt with this contention in his opinion saying,

"Congress for some reason said 'exempt from process' rather than 'immune from process.' 'Exempt' suggests statutory exemptions, but Congress apparently meant common law immunity. That should be obvious since state statutory exemptions are covered in the sub-paragraph (A) of the same subsection." *In re Dawson*, 10 B.R. 680, 683 (Bkrtcy.E.D.Tenn.1980).

This interpretation is persuasive and in accord with other judicial decisions. See *In re Ford*, 3 B.R. 559 (Bkrtcy.D.Md.1980), *In re Thacker*, 5 B.R. 592 (Bkrtcy.W.D.Va. 1980), *In re Shaw*, 5 B.R. 107 (Bkrtcy.M.D. Tenn.1980), *In re Koehler*, 6 B.R. 203 (Bkrtcy.M.D.Fla.1980) and *In re Barsotti*, 7 B.R. 205 (Bkrtcy.W.D.Pa.1980).

Nonetheless, the appellant contends that the result reached under this construction of the Bankruptcy Code is identical with that under the previous law, the Bankruptcy Act, and that this is erroneous because Congress must have intended a change in passing the new legislation. Yet the bankruptcy judge pointed out in his opinion that there is a change in the new Bankruptcy

Code, namely that the debtor can choose either a set of exemptions allowed under Section 522(d) or those exemptions allowed by state law and other federal law. See 11 U.S.C. Sec. 522(b). This interpretation is consistent with the federal purpose behind the Bankruptcy Code in insuring that the debtor will emerge from bankruptcy with enough possessions to have a fresh start.

Accordingly, the decision of Judge Kelley in the bankruptcy court permitting only the sale of the debtor's right of survivorship in the two parcels, and not allowing the sale of the parcels in fee simple, is affirmed.