**In re James Walter REDMOND, Debtor.**

**In re Billy Jack STEWART, aka Bill J. Stewart, aka B. J. Stewart, Debtor.**

**Joyce J. STEWART, Plaintiff,**

**v.**

**Ward HUDDLESTON, Jr., Trustee, Defendant.**

**Bankruptcy Nos. 3–81–00843, 3–81–00094. Adv. No. 3–81–0712.**

United States Bankruptcy Court, E. D. Tennessee.

Nov. 9, 1981.

Sharon Bell, Knoxville, Tenn., Trustee, pro se.

David L. Flitcroft, Oak Ridge, Tenn., for Bank of Oak Ridge.

Leon Steinberg, Knoxville, Tenn., for James Walter Redmond.

James T. Milliken, and Ferdinand Powell, Jr., Johnson City, Tenn., for Joyce J. Stewart.

Ward Huddleston, Jr., Kingsport, Tenn., Trustee, pro se.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

These cases present the issue of whether a trustee in bankruptcy may sell real property owned by the debtor and his spouse as tenants by the entirety when the spouse is not in bankruptcy.

## I

James Walter Redmond and his wife, Frances Redmond, own as tenants by the entirety a house and lot and an industrial building in Oak Ridge, Tennessee, in addition to the right to the use of a condominium in Surfside Beach, South Carolina, for six weeks per year.[1] James Redmond filed a petition in bankruptcy on May 26, 1981, and claimed a $5000 homestead exemption under T.C.A. § 26–2–301.[2]

Sharon Bell, trustee, on July 17, 1981, pursuant to 11 U.S.C. § 102(1), gave notice to all parties of her intention to sell the debtor's right of survivorship in each of the three pieces of property to the debtor's wife for $5,545. The Bank of Oak Ridge, an unsecured creditor, objected to the sale of only the right of survivorship. The Bank maintains the trustee can and should sell the debtor's interest in the property as well as the interest of the debtor's wife. 11 U.S.C. § 363(h).[3]

Bill Stewart and his wife, Joyce Stewart, own as tenants by the entirety a residence in Kingsport, Tennessee.[4] An involuntary petition was filed against Bill Stewart on January 19, 1981, and an order for relief was entered April 23, 1981. 11 U.S.C. § 303(h). Bill Stewart claimed a homestead exemption in the residence in the amount of $5,000. T.C.A. § 26–2–301.

On August 13, 1981, Ward Huddleston, trustee, relying upon § 363(h) gave notice to all parties of his intention to sell the interests of both the debtor and his wife in their residence in Kingsport. The debtor's spouse, Joyce Stewart, filed a complaint seeking determination of the trustee's right to sell her interest in the property.

## II

In the majority of those states still recognizing tenancy by the entireties the courts hold that neither the husband nor the wife can sell their present interest or their right of survivorship. W. Craig, An Analysis of Estates By The Entirety in Bankruptcy, 48 Am.Bankr.L.J. 255, 258 (1974). Tennessee Courts, however, permit either spouse to sell their right of survivorship without the consent of the other party:

> " . . . each tenant shall have a joint right to the use, control, incomes, rents, profits, usufructs and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof *except his or her right of survivorship,* without the consent of the other. Any unilateral attempt will be wholly and ut-

---

1. In his schedules the debtor values the industrial building at $90,000. The only lien against the building is for $47,176.00. The house and lot in Oak Ridge are shown to have a value of $120,000. There are no liens against this property. The right to use the condominium is valued at $7500.

2. "Basic exemption.—(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding." T.C.A. § 26–2–301(a).

3. "(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

    (1) partition in kind of such property among the estate and such co-owners is impracticable;

    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. § 363(h).

4. The value of the house is estimated at $135,000; outstanding mortgages total $92,508.32.

terly void at the instance of the aggrieved tenant and any prospective purchaser, transferee, lessee, mortgagee and the like will act at his peril." (Emphasis added). *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.S.Ct.1974).

The filing of a petition in bankruptcy creates an estate which consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.[5] Section 522 then permits the debtor to exempt certain property included within the estate. Specifically that section provides with respect to property held as tenants by the entirety that

"... an individual debtor may exempt from property of the estate ...

. . . . .

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

In *Ray v. Dawson*, 14 B.R. 822 (D.C.E.D. Tenn.1981), the debtor and his wife owned a house and lot and an adjacent vacant lot as tenants by the entirety. Although the house and lot were mortgaged, the vacant lot was unencumbered. The trustee attempted to sell both parcels of real estate relying upon § 363(h).

The *Dawson* court concluded that since *Robinson, supra,* holds that property owned as tenants by the entirety is exempt from process by the creditors of an individual spouse, such property is exempt under § 522(b)(2)(B) and thus only the right of survivorship can be sold by the trustee. The district court agreed with the bankruptcy court's holding that, although the word "exempt" was used, Congress actually was referring to common law immunity. See *In re Dawson*, 10 B.R. 680, 683 (Bkrtcy. E.D.Tenn.1981). According to the court,

the trustee only has the right to sell the debtor's right of survivorship; the fee simple may not be sold. *See In re Shaw*, 5 B.R. 107, 6 BCD 651 (Bkrtcy.M.D.Tenn.1980). *In re Ford*, 3 B.R. 559, 6 BCD 202 (Bkrtcy.D. Md.1980), aff'd per curiam 638 F.2d 14 (4th Cir. 1981).

This court agrees with, and is bound by, the district court's interpretation. Therefore, the trustees may sell only the debtors' right of survivorship. Judgments will be entered accordingly.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**5.** "(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).