**In re Daniel James NUNLEY, Linda Darlene Nunley, Daniel Nunley Construction Company, Debtors.**

**Daniel James NUNLEY, Plaintiff,**

v.

**The PATY COMPANY, Defendant.**

Bankruptcy No. 3–89–01494.
Adv. No. 3–89–0111.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 9, 1990.

Carter & Carter, Robert B. Carter, Johnson City, Tenn., for plaintiff.

Baker, Worthington, Crossley, Stansberry & Woolf, Jeff W. Anderson, Johnson City, Tenn., for defendant.

## MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor, Daniel James Nunley, filed a complaint July 6, 1989, seeking to avoid a judicial lien under 11 U.S.C.A. § 522(f)(1) (West 1979).[1] Facts essential to a resolution of the issues before the court are stipulated in written "Stipulations Of Fact" filed October 26, 1989. Briefs have been filed and oral argument was heard December 11, 1989.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2) (West Supp.1989).

### I

The debtors commenced their joint case by the filing of a voluntary petition under Chapter 7 of title 11 of the United States Code on June 1, 1989. At the time they filed their petition the debtors owned as tenants by the entirety their residence at 507 Nunley Drive, Johnson City, Tennessee. The debtors claim a $7,500 homestead exemption in their Nunley Drive property under Tennessee law pursuant to Tenn. Code Ann. § 26-2-301 (1980) which provides in material part:[2]

26-2-301. Basic exemption.—(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event said homestead exemptions are claimed in the same proceeding.... The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual.

Prior to commencement of the debtors' bankruptcy case, the defendant obtained a judgment against Daniel J. Nunley. The parties stipulate that by virtue of the registration of its judgment in the Office of the Register of Deeds for Washington County, Tennessee, on November 10, 1988, the defendant holds a judicial lien encumbering Daniel J. Nunley's interest in the debtors' Nunley Drive residence.[3] The following material facts are stipulated or otherwise undisputed:[4]

1. The indebtedness secured by the defendant's judicial lien totalled $18,054.53 at the commencement of the debtors' case.

2. The debtors are obligated to Home Federal Savings and Loan Association of Upper East Tennessee (Home Federal) on two loans secured by deeds of trust encumbering the Nunley Drive property. The

---

1. Procedurally, lien avoidance actions under § 522(f) are contested matters initiated by the filing of a motion. Fed.R.Bankr.P. 4003(d) and 9014. While the filing of a complaint under Part VII of the Federal Rules of Bankruptcy Procedure is unnecessary, the court will consider the debtor's claim in its present posture.

2. Pursuant to 11 U.S.C.A. § 522(b)(1) (West 1979 & Supp.1989), Tennessee opted out of the federal scheme of exemptions in 1980. Tenn. Code Ann. § 26-2-112 (1980).

3. A judicial lien is defined under the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C.A. § 101(32) (West Supp.1989).

4. The stipulations filed by the parties are synopsized rather than quoted verbatim. Additionally, the court takes judicial notice of and incorporates into these stipulations certain undisputed facts of record in the debtors' case. Fed.R. Evid. 201.

indebtedness secured by these deeds of trust totalled $43,201.90 at the time the debtors filed their bankruptcy petition.

3. The Nunley Drive property is also encumbered by a tax lien in favor of the Internal Revenue Service which amounted to $4,500 at the time of the commencement of the debtors' case.

4. The defendant's judicial lien is subordinate to the two Home Federal deeds of trust and the Internal Revenue Service tax lien.[5]

5. The fair market value of the Nunley Drive property for purposes of this adversary proceeding is $55,000.

In sum, the jointly owned Nunley Drive property has a fair market value of $55,000 and was, at the commencement of the case, encumbered by mortgages and a tax lien totalling $47,701.90. Thus, without consideration of the defendant's judicial lien, equity in the property against which the debtors claim their homestead exemption amounts to $7,298.10. It is his interest in the equity which the debtor, Daniel J. Nunley, contends is impaired by the defendant's judicial lien.

## II

Bankruptcy Code § 522(f) provides in material part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien....

11 U.S.C.A. § 522(f) (West 1979). "This section authorizes a debtor to avoid any lien on property to the extent the lien impairs the debtor's exemption. The avoidance power is applicable only after there has been an initial determination by the bankruptcy court that the property is exempt, and that the judicial lien impairs the exemption." *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327, 329 (6th Cir.1989) (citations omitted).

In *Dixon* the court reversed a judgment of the district court affirming the bankruptcy court's determination that Ford Motor Credit Corporation's judgment lien impaired the debtors' homestead exemption under Ohio law and was accordingly avoidable under § 522(f)(1).[6] In reversing the district court, the Sixth Circuit determined that "Ohio law specifically mandates that the Ohio homestead exemption is effective only upon an 'execution, garnishment, attachment or sale to satisfy a judgment order.' "[7] 885 F.2d at 330. The court concluded that

> Ohio ... has limited the circumstances in which its homestead exemption is impaired, and as a result, a debtor is permitted to avoid a judicial lien pursuant to Section 522(f) only when the property affected by the exemption is subject to an "execution, garnishment, attachment, or sale to satisfy a judgment or order."

*Id.*

Like Ohio, the homestead exemption under Tennessee law is not subject to execution, attachment, or sale under legal proceedings. However, unlike Ohio, the Tennessee statute provides that "[a]n individual ... *shall* be entitled to a homestead exemption.... [which] *shall* not be subject to execution, attachment, or sale under legal proceedings...." Tenn.Code Ann. § 26-2-301(a) (1980) (emphasis added). The Tennessee statute fixes an exemption in an individual's interest in real estate

---

**5.** This fact is not stipulated; it is established from a review of the proofs of claim filed in the debtors' case by Home Federal and the Internal Revenue Service.

**6.** *Matter of Dixon*, 79 B.R. 702 (Bankr.N.D.Ohio 1987).

**7.** Ohio's homestead exemption statute, Ohio Rev.Code Ann. § 2329.66(A)(1), provides in material part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence....

used by him as his principal place of residence. That interest is not subject to execution, attachment, or sale. *See In re Young*, 42 B.R. 892, 897 (Bankr.E.D.Tenn. 1984). In Ohio an individual "may" claim an exemption in the face of a proceeding designed to satisfy a judgment or order. The Ohio and Tennessee statutes are distinguishable and the rationale underlying *Dixon* has no application to the instant proceeding. More significantly, the Tennessee Constitution mandates a homestead exemption in real estate of at least $5,000 on terms set by the Legislature. Tenn. Const. Art. XI § 11. The homestead exemption is superior to the lien of a judgment. *Maples v. Rawlins*, 105 Tenn. 457, 58 S.W. 644, 645 (1900).

### III

The court is called upon to determine whether the defendant's judicial lien impairs an exemption of the interest of the debtor, Daniel J. Nunley, in the jointly owned Nunley Drive real estate in which the debtors reside.

"Subsection (f) [of Code § 522] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property *to the extent that the property could have been exempted in the absence of the lien....*" H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 76 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5862, 6318 (emphasis added).

In Tennessee, "creditors of an individual spouse can only encumber that spouse's right to survivorship in property owned as tenants by the entirety. The spouse's remaining interest in entireties property is exempt from process." *Stephenson v. Gen. Motors Acceptance Corp. (In re Stephenson)*, 19 B.R. 185, 188–89 (Bankr.M.D. Tenn.1982). *See Citizens & Southern Nat'l Bank v. Auer*, 640 F.2d 837, 839 (6th Cir.1981); *In re Walls*, 45 B.R. 145, 146 (Bankr.E.D.Tenn.1984); *Waldschmidt v. Shaw (In re Shaw)*, 5 B.R. 107, 110 (Bankr. M.D.Tenn.1980); *Peters v. White County Farm Supply, Inc. (In re Templeton)*, 1 B.R. 245, 248 (Bankr.E.D.Tenn.1979); *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974). As was observed by the Tennessee Supreme Court in *Robinson v. Trousdale County:*

> [E]ach tenant shall have a joint right to the use, control, incomes, rents, profits, usufructs and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof except his or her right of survivorship, without the consent of the other.

516 S.W.2d at 632.

This court and others have held that where a debtor's spouse is not in bankruptcy, Tennessee law limits the estate's interest in entireties property to the debtor's right of survivorship. A bankruptcy trustee is, therefore, permitted to sell only the debtor's survivorship interest. *See Auer*, 640 F.2d at 839; *Walls*, 45 B.R. at 146; *Shaw*, 5 B.R. at 110; *Stewart v. Huddleston (In re Redmond)*, 15 B.R. 437 (Bankr. E.D.Tenn.1981). Further, the debtor has no homestead exemption in the right of survivorship. *See Stephenson*, 19 B.R. at 189; *Ray v. Dawson (In re Dawson)*, 10 B.R. 680, 684 (Bankr.E.D.Tenn.1981), *aff'd* 14 B.R. 822 (E.D.Tenn.1981); *In re Elsea*, 47 B.R. 142, 144 (Bankr.E.D.Tenn.1985).

The instant proceeding does not involve a situation where only one spouse filed a bankruptcy petition. By the filing of a joint petition the interest of both debtors in the Nunley Drive real estate became property of the estate. The trustee, accordingly, had the right to sell the entire estate, i.e., the fee simple.[8] Upon a sale by the trustee, the debtors could claim $7,500 of the proceeds as exempt under Tennessee law. *Dawson*, 10 B.R. at 684 (citing *White*

---

8. The trustee abandoned the Nunley Drive residence from property of the estate as a burdensome asset on July 25, 1989. Presumably, he determined that by virtue of the Home Federal mortgages, Internal Revenue Service tax lien, and exemption claimed by the debtors, there was no equity to be realized from the sale of this property for the benefit of unsecured creditors.

v. *Fulghum*, 87 Tenn. 281, 10 S.W. 501 (1889)).

## IV

The filing of a bankruptcy petition creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1979 & Supp. 1989). Bankruptcy Code § 522 then permits the debtor to exempt certain property included within the estate. Specifically, § 522 provides in material part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate....

....

(2)(A) any property that is exempt under Federal law, other than [the federal exemptions itemized under] subsection (d) of this section,[9] or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C.A. § 522 (West 1979 & Supp. 1989).

A debtor is allowed to exempt from property of the estate under sub-paragraph (A) of § 522(b)(2) property exempt under state law. Under sub-paragraph (B) the debtor is also allowed to exempt "any interest in property in which the debtor had ... an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbank-

ruptcy law." There is an apparent redundancy between sub-paragraphs (A) and (B) in that both refer to property or an interest in property that is "exempt" under applicable "state" (sub-paragraph (A)) or "nonbankruptcy" (sub-paragraph (B)) law. Judge Kelley reconciled this confusion in *Dawson* in the following manner:

Congress for some reason said "exempt from process" rather than "immune from process." "Exempt" suggests statutory exemptions, but Congress apparently meant common law immunity. That should be obvious since state statutory exemptions are covered in the sub-paragraph (A) of the same subsection.

10 B.R. at 683 (citations omitted).

As has been discussed, the survivorship interest of the debtor, Daniel J. Nunley, in the Nunley Drive property, is not "exempt [or immune] from process" under Tennessee law. However, pursuant to § 522(b)(2)(A), both debtors claimed and are entitled to their homestead exemption under Tenn.Code Ann. § 26–2–301 (1980) in the amount of $7,500.

It is undisputed that the defendant, by recordation of its judgment against Daniel J. Nunley, obtained a lien limited to Mr. Nunley's right of survivorship in the debtors' jointly owned Nunley Drive property. The Tennessee Supreme Court in *Robinson v. Trousdale County* holds that property owned by a husband and wife as tenants by the entirety is not subject to process in Tennessee by the creditors of an individual spouse. 516 S.W.2d at 632. Such property is, therefore, not only exempt to these joint debtors to the extent allowed under Tenn. Code Ann. § 26–2–301 (1980), but is also "exempt [or immune] from process" under Tennessee law, thus entitling the debtors to the exemption provided under Bankruptcy Code § 522(b)(2)(B).[10]

Clearly, where both husband and wife are debtors in a joint case filed pursuant to 11 U.S.C.A. § 302 (West 1979), a judicial

---

**9.** *See* n. 2, *supra*.

**10.** The debtors did not specifically claim an exemption under § 522(b)(2)(B). A discussion

of sub-paragraph (B) of § 522(b)(2) is, however, necessary for a thorough analysis of the exemption issue relative to tenancies by the entirety.

lien impairing the interest of one spouse in the debtors' principal place of residence necessarily impairs the homestead exemption to which that spouse is entitled under Tennessee law. Equally impaired is the exemption allowed the debtors under § 522(b)(2)(B). The defendant's lien impairs Daniel J. Nunley's allowable exemption to the extent the amount of the lien exceeds the equity above the $7,500 exemption. *See Durham v. Montgomery (In re Durham)*, 33 B.R. 23, 27 (Bankr.E.D.Tenn. 1983). As there is no equity in the Nunley Drive property above the two Home Federal mortgages, Internal Revenue Service tax lien, and debtors' $7,500 homestead exemption, there is no equity in which to infer a value to Mr. Nunley's survivorship interest.[11] Consequently, pursuant to § 522(f)(1), the defendant's lien is reduced to zero and is thus avoided in its entirety. An appropriate judgment will be entered.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.

McCord, Weaver & Troutman, P.C., John F. Weaver, Knoxville, Tenn., for trustee.

Edward S. Christenbury, General Counsel, Justin M. Schwamm, Sr., Harriet A. Cooper, Thomas C. Doolan, Knoxville, Tenn., for Tennessee Valley Authority Retirement System.

Richard M. Mayer, Knoxville, Tenn., for debtors.

---

11. Rights of survivorship are typically of little value. Neither the debtors nor defendant sought to establish a value attributable to Mr. Nunley's survivorship interest in the Nunley Drive property. As there is no equity in the property, there can be no value to Mr. Nunley's interest.