**In re Betty Faye STEPHENSON, Debtor.**

**Betty Faye STEPHENSON, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**Bankruptcy No. 380–02497.**
**Adv. No. 381–0405.**

United States Bankruptcy Court, M. D. Tennessee.

Feb. 25, 1982.

Michael E. Starling, Nashville, Tenn., for debtor.

D. Reed Houk, Nashville, Tenn., for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This adversary proceeding was initiated by the debtor Betty Faye Stephenson's complaint to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1). The defendant, General Motors Acceptance Corporation (hereinafter "General Motors"), essentially contends that the debtor's complaint was not timely filed. A hearing on this matter was held on January 6, 1982. At that hearing, the court determined to consider the debtor's complaint as a petition to reopen her case pursuant to 11 U.S.C. § 350(b) for the purpose of avoiding a judicial lien. After consideration of the evidence presented at the hearing on January 6, 1982, stipulations, exhibits, briefs of the parties and the entire record, this court finds that the debtor's case should not be reopened.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

On January 8, 1980, General Motors obtained a judgment against the debtor in the General Sessions Court for Davidson County, Tennessee, on a deficiency claim in the amount of $3,340.45. General Motors filed an abstract of this judgment in the Register's Office of Davidson County on March 28, 1980.

The debtor subsequently filed a voluntary Chapter 7 petition in this court on August 20, 1980. In her Statements of Affairs and Schedules, the debtor claimed a $5,000.00 homestead exemption in real estate located at 134 Bonnabrook Drive in Hermitage, Tennessee. This property was owned by the debtor and her husband as tenants by the entirety. The debtor was granted a discharge on November 18, 1980, and her case was closed on January 22, 1981.

On June 2, 1981, in accordance with Local Rule 14 of the United States Bankruptcy Court for the Middle District of Tennessee, the debtor made a written demand upon General Motors to terminate its judicial lien on the property located at 134 Bonnabrook Drive in recognition of the provisions of 11 U.S.C. § 522(f)(1). On June 16, 1981, General Motors informed the debtor that it would not release its judicial lien on the property. General Motors' response precipitated the debtor's filing of this adversary proceeding.

At the hearing on January 6, 1982, the debtor testified that she had originally paid $30,000.00 for the property in question. In her bankruptcy petition, the debtor listed the value of the real estate as $35,000.00. The property was subject to a first mortgage of approximately $27,682.90 at the time the petition was filed. The debtor further testified that she did not learn of General Motors' judicial lien on this property until her husband attempted to obtain a home improvement loan in the summer of 1981. The debtor was aware, however, that her car had been repossessed on February 19, 1979, and that General Motors had sued for a deficiency judgment in the General Sessions Court of Davidson County. The debtor chose not to attend the proceeding initiated by General Motors and therefore was not aware that a judgment had been entered against her and that a lien had been placed on the property at 134 Bonnabrook Drive.

This matter is now before this court for final resolution.

■ The debtor seeks to reopen her estate pursuant to 11 U.S.C. § 350(b). Section 350(b) provides that a case may be reopened "to accord relief to the debtor, or for other cause." This same standard existed under the prior Bankruptcy Act. *See* 11 U.S.C. § 11(a)(8) (1976); Fed.R.Bankr.P. 515. Although the reopening of a case rests entirely in the court's discretion, the debtor must establish a compelling reason for the court to reopen the estate. *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962); *Waldschmidt v. Shaw*, 5 Bankr.Rep. 107, 111–112 (Bankr.Ct.M.D.'Tenn.).

■ The debtor in this case seeks to reopen her estate to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1). Section 522(f)(1) provides as follows:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . . ."

The debtor did not file a complaint attempting to avoid General Motors' judicial lien until approximately seven months after her discharge and five months after her case was closed. This court, nevertheless, is convinced that no statutory time limitation exists which precludes the debtor from filing a § 522(f) complaint at this time. *See In re Newton*, 15 B.R. 640 (Bkrtcy.W.D.N.Y.1981); *Baskins v. Householder Finance Corp.*, 14 B.R. 110, 8 Bankr.Ct.Dec. 161 (Bkrtcy.E.D.N.C.1981); *Gortmaker v. Avco Financial Services*, 14 B.R. 66, 8 Bankr.Ct. Dec. 67 (Bkrtcy.D.S.D.1981); *Associates Financial Services v. Swanson*, 13 B.R. 851, 8 Bankr.Ct.Dec. 13 (Bkrtcy.D.Idaho 1981). *But see Associates Financial Services v. Porter*, 11 B.R. 578, 7 Bankr.Ct.Dec. 959 (Bkrtcy.W.D.Okl.1981); *In the Matter of Krahn*, 10 B.R. 770, 7 Bankr.Ct.Dec. 767 (Bkrtcy.E.D.Wis.1981); *In re Adkins*, 7 B.R. 325, 6 Bankr.Ct.Dec. 997 (Bkrtcy.S.D.Cal. 1980).

Section 522(f) contains no express time limitation for the filing of a complaint to avoid liens on exempt property. At least one court, however, has implied a time limitation on the filing of a § 522(f) complaint through the provisions of 11 U.S.C. § 522(i)(1) and 11 U.S.C. § 550(e). *See Associates Financial Services v. Porter*, 10 B.R. 770, 7 Bankr.Ct.Dec. at 961. Section 522(i)(1) provides in pertinent part:

"(i)(1) If the debtor avoids a transfer . . . . under subsection (f) . . . . of this section, the debtor may recover in the manner prescribed by, *and subject to the limitations of section 550 of this title*, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section. (emphasis supplied).

Section 550(e) defines the time limitations for filing a § 550 complaint as follows:

"(e) An action or proceeding *under this section* may not be commenced after the earlier of

(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and

(2) the time the case is closed or dismissed." (emphasis supplied.)

Section 550(e) specifically limits its applicability to proceedings initiated pursuant to 11 U.S.C. § 550. The legislative history of § 550(e) reinforces this interpretation, stating that § 550(e) is a statute of limitations "on avoidance by the trustee." Sen.Rep.No. 95–989, 95th Cong., 2d Sess. 90 *reprinted in* [1978] U.S.Code Cong. and Ad.News 5787, 5876. Neither the legislative history of § 522(i) or § 550 discloses the slightest indication of a congressional intent to apply the statutory limitation embodied in § 550(e) to the provisions of § 522(f). Indeed, 11 U.S.C. § 350(b) evidences the contrary intent by specifically granting a bankruptcy court the authority to reopen a case "to afford relief to the debtor." Such relief would include allowing a debtor to avoid a judicial lien which impairs that debtor's claimed exemptions. *See Gortmaker v. Avco Financial Services*, 8 Bankr.Ct.Dec. at 68.

Under these circumstances, this court will not constrain the provisions of the Bankruptcy Code in such a way as to impose a time limit on the debtor's right to avoid liens pursuant to § 522(f) and thereby impede the debtor's opportunity for a fresh start. If Congress had intended to place a statutory time limit on the debtor's filing of a § 522(f) complaint, then Congress would have provided such a limitation within the provisions of § 522(f). *See In re Newton*, 15 B.R. at 642; *Gortmaker v. Avco Financial Services*, 14 B.R. 66, 8 Bankr.Ct.Dec. at 68; *Associates Financial Services v. Swanson*, 13 B.R. 851, 8 Bankr.Ct.Dec. at 13–14.

Furthermore, the lack of a statutory time limit for the filing of a § 522(f) complaint should not result in any prejudice to creditors. Several courts have found that the filing of a § 522(f) complaint subsequent to the discharge hearing would inure to the detriment of creditors since 11 U.S.C. § 524(c) provides that a creditor cannot attempt to reaffirm the debt after the discharge is granted. These courts have therefore required a debtor to file a § 522(f) complaint at or prior to the discharge hearing. *See Associates Financial Services v. Porter*, 11 B.R. 578, 7 Bankr. Ct.Dec. at 960–961; *In the Matter of Krahn*, 10 B.R. 770, 7 Bankr.Ct.Dec. at 768; *In re Adkins*, 7 B.R. 325, 6 Bankr.Ct.Dec. at 998.

This court finds the aforementioned rationale unpersuasive. The provisions of 11 U.S.C. § 524(c) and (d) dealing with the reaffirmation of debts are designed for the benefit of the debtor, not the creditor. *See* 3 Collier on Bankruptcy ¶ 524.03, at 524–18 (15th ed. 1981). If the debtor in this case wished to reaffirm the debt between herself and the creditor, she would not bring a § 522(f) complaint to avoid the creditor's lien. In any event, the creditor will usually be aware of the bankruptcy proceedings of the debtor and can, prior to the discharge of the debtor, take any action he deems necessary to protect his interests. *See In re Newton*, 15 B.R. at 642; *Associates Financial Services v. Swanson*, 13 B.R. 851, 8 Bankr.Ct.Dec. at 15.

This court, therefore, will permit a debtor to file a § 522(f) complaint after the debtor's discharge unless a creditor can affirmatively prove he is prejudiced by the filing of the complaint. General Motors has failed to show any such prejudice in this case.

Even though the complaint in this case is timely filed, the debtor must still establish that General Motors' judicial lien comes within the avoidance provisions of 11 U.S.C. § 522(f)(1). Section 522(f)(1) specifically provides that a debtor may only avoid a judicial lien to the extent that the lien impairs an exemption to which the debtor would have been entitled under 11 U.S.C. § 522(b).

■ The debtor asserts that General Motors' lien impairs the $5,000.00 homestead exemption she claims in real estate located at 134 Bonnabrook Drive pursuant to § 26–2–301 of the Tennessee Code. This property, however, is owned by the debtor and her spouse as tenants by the entirety. Under Tennessee law, creditors of an individual spouse can only encumber that spouse's right to survivorship in property owned as tenants by the entirety. The

spouse's remaining interest in entireties property is exempt from process. *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974). *See also Citizens Southern National Bank v. Auer*, 640 F.2d 837, 839 (6th Cir. 1981); *Peters v. White County Farm Supply, Inc.*, 1 B.R. 245, 248 (Bkrtcy. E.D.Tenn.1979).

In *Waldschmidt v. Shaw*, 5 B.R. 107 at 109–110, (Bkrtcy.) this court extensively discussed the consequences of Tennessee entireties law when only one spouse files a petition for relief in bankruptcy court. As Judge Hippe stated:

"... In *In re Ford*, 3 B.R. 559 [Bkrtcy. 1980] Bankr.L.Rep. (CCH) ¶ 67,429 (Bkrtcy.D.Md.), the court held that pursuant to 11 U.S.C. § 541(a)(1) the entire interest of a bankrupt spouse in entireties property is property of the estate, including the undivided present right to the use, possession, and income from the property as well as the right of survivorship. The court further held that such interest passes out of the estate as exempt property pursuant to § 522(b)(2)(B) to the extent that it is immune from execution under applicable state law... This court concurs in this anaylsis and result...

While under the law of Maryland creditors of one spouse are unable to reach any of that spouse's interest in entireties property, Tennessee accords such creditors the right to levy on the spouse's survivorship interest. Because the right of survivorship is not immune to execution, it remains in the estate after the debtor's interest has been exempted pursuant to § 522(b)(2)(B).

... The right to claim the homestead exemption in property as tenancies by the entirety vests in the survivor. *Springfield v. Stamper*, 31 Tenn.App. 252, 214 S.W.2d 345 (1948); *see Beard v. Beard*, 158 Tenn. 437, 14 S.W.2d 745 (1929). The debtor's homestead exemption claim will have no effect unless she survives her husband. Thus the trustee and anyone purchasing the survivorship interest from the trustee takes the debtor's interest subject to the homestead exemption to

which she would be entitled upon the death of her husband. *See Waddy v. Waddy*, 200 Tenn. 140, 291 S.W.2d 581 (1956)." (footnotes omitted).

*Accord Stewart v. Huddleston*, 15 B.R. 437, 438–439 (Bkrtcy.E.D.Tenn.1981); *Ray v. Dawson*, 10 B.R. 680, 683–685 (Bkrtcy.E.D. Tenn.1981) *aff'd* 14 B.R. 822 (E.D.Tenn. 1981).

 Under this analysis, it is clear that General Motors obtained by its judgment against the debtor a lien limited to the debtor's right of survivorship in the entireties property. This right to survivorship did pass into the estate upon the debtor's filing of her bankruptcy petition. The debtor, however, has no homestead exemption in this right. *See Ray v. Dawson*, 10 B.R. at 685. Since the debtor has no homestead exemption which General Motors' lien can impair, the debtor cannot avoid this lien pursuant to 11 U.S.C. § 522(f)(1).

Accordingly, an order will be entered denying the debtor's complaint to reopen her estate.

IT IS THEREFORE SO ORDERED.