**In re Clarence Sylvester DICK, Debtor.**

**Bankruptcy No. 91–29747–B.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Feb. 7, 1992.

---

William M. Gotten, Memphis, Tenn., for debtor.

Sam Blaiss, Memphis, Tenn., for Ollar Surveying Co.

Edward L. Montedonico, Chapter 7 Trustee, Memphis, Tenn.

Julie C. Chinn, Asst. U.S. Trustee, Memphis, Tenn.

## MEMORANDUM OPINION AND ORDER ON DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

WILLIAM H. BROWN, Bankruptcy Judge.

### SUMMARY OF FACTS

On September 4, 1991, the debtor, Clarence Sylvester Dick, filed a voluntary Chapter 7 petition for relief in this Court. Among the property listed in his schedules the debtor includes his residence worth $110,000, which he owns as a tenant by the entirety with his wife, who is not a debtor in bankruptcy. Citizens and Southern Mortgage Corp. holds a mortgage on the real property for approximately $92,000 leaving the debtor and his spouse with equity in the property of approximately $18,-000. On July 8, 1991, prior to the debtor's Chapter 7 filing, Ollar Surveying Company (hereinafter "Ollar") recorded a judgment against the debtor obtained in the General Sessions Court of Shelby County for $9,500, which recorded judgment now represents a judicial lien against the debtor's residence.[1] The debtor seeks to avoid this lien under 11 U.S.C. § 522(f)(1). Ollar opposes the debtor's motion. The issue presented is core pursuant to 28 U.S.C. § 157(b)(2)(K). This opinion constitutes findings of fact and conclusions of law in accordance with F.R.B.P. 7052.

### DISCUSSION

The question presented by this contested motion is whether the debtor has a home-stead exemption in the residence owned as tenants by the entirety with his wife, which exemption is impaired by Ollar's judgment lien and therefore avoidable pursuant to § 522(f)(1). The debtor argues that TENN. CODE ANN. § 26–2–301 allows him to claim a $5,000 homestead exemption in his residence and that this exemption is impaired by Ollar's prepetition judicial lien. Moreover, the debtor argues that the entire lien may be avoided pursuant to § 522(f)(1) and the Supreme Court's recent decision in *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

Ollar, on the other hand, bases its argument on the peculiarities of Tennessee real property law. Ollar argues that in Tennessee, when a husband and wife own property as tenants by the entirety and only one spouse files bankruptcy, "the right to claim homestead ... vest[s] in the survivor" and that "[a]ccordingly, the survivorship interest passes into the bankruptcy estate but the homestead exemption [does] not." See Creditor's Objection To Motion To Avoid Judicial Lien. Ollar concedes that § 522(f)(1) allows the debtor to avoid judicial liens to the extent that they impair the debtor's exemptions. However, Ollar concludes that the debtor has no exemption which is impaired by its judicial lien.

When a debtor files a Chapter 7 petition in bankruptcy, an estate is created which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor is then allowed to exempt certain property from this estate pursuant to 11 U.S.C. § 522(b), subject to any nonavoidable liens or security interests in the property. The Bankruptcy Code also provides that judicial liens which encumber exempt property may be avoided. 11 U.S.C. § 522(f)(1). Section 522(b) of the Code provides that a debtor may choose between the federal exemptions found in § 522(d) or the exemptions permitted under state law, unless the state has chosen to "opt-out" of the federal provision. 11 U.S.C. § 522(b)(1). Tennessee has exercised this

---

1. The judgment is not against the debtor's spouse.

**1002**

right in TENN.CODE ANN. § 26–2–112 and therefore a Tennessee citizen filing bankruptcy in Tennessee is limited to the exemptions found in the Tennessee statutes. TENN. CODE ANN. § 26–2–301 currently allows an individual debtor a $5,000 homestead exemption.

The first question that must be addressed is whether and to what extent the debtor's interest in the real property comes into this bankruptcy estate. Section 522(b) of the Bankruptcy Code provides that:

> [A]n individual debtor may exempt from property of the estate ...
>
> (2)(A) any property that is exempt under ... [applicable] State or local law ... and
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

In the case of *In re Walls*, 45 B.R. 145 (Bankr.E.D.Tenn.1984), Judge Clive Bare, after quoting the above cited portion of the Bankruptcy Code, discussed extensively the law in Tennessee regarding tenancy by the entirety and observed:

> Under Tennessee law a tenant by the entirety has the joint right to control, possess, receive rents from, and use entireties property; the right of survivorship is the only interest in entireties property which may be transferred without the consent of the other tenant. *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974). A judgment creditor may levy on the survivorship interest of a tenant by the entirety, but the creditor succeeds to the estate only in the event his debtor outlives the other tenant by the entirety. *Citizens & Southern Nat'l Bank v. Auer*, 640 F.2d 837, 839 (6th Cir.1981). Also, where a debtor's spouse is not in bankruptcy Tennessee law permits the bankruptcy trustee to sell only the survivorship interest of the debtor in entireties property. *Stewart v. Huddleston*, 15 B.R. 437

(Bankr.E.D.Tenn.1981). Accordingly, all of the debtor's interest in his marital residence, with the exception of his survivorship rights, is exempted by Code § 522(b)(2)(B).

45 B.R. at 146.

■ From this analysis in the *Walls* case it is clear that in Tennessee, only this debtor's survivorship interest in the real property claimed as the debtor's residence passes into the bankruptcy estate. The debtor's present right to use, possession, and enjoyment of the property is exempt and passes out of the bankruptcy estate because it is "exempt from process under applicable nonbankruptcy law," which here of course is Tennessee state law. 11 U.S.C. § 522(b)(2)(B). This Court does not interpret the last sentence of *Walls* quoted above as meaning that the debtor is entitled to receive his homestead exemption; rather, the debtor is entitled to all other benefits of the property until the contingent survivorship is either vested or defeated. *See, e.g., Waddy v. Waddy*, 200 Tenn. 140, 291 S.W.2d 581 (1956).

While only the debtor's survivorship interest in the property is part of the bankruptcy estate, Ollar's judgment recorded in the Shelby County Registrar's Office represents a lien against that interest. Section 522(f)(1) allows the debtor to avoid such a lien to the extent that it impairs an exemption to which the debtor would otherwise be entitled. Accordingly, the debtor seeks to avoid Ollar's lien.

Ollar, however, argues that the debtor may not claim a homestead exemption in this survivorship interest and therefore its judicial lien does not impair an exemption to which the debtor is otherwise entitled. Ollar offers in support of this contention *In re Stephenson*, 19 B.R. 185 (Bankr. M.D.Tenn.1982). The facts in *Stephenson* are similar to those at issue here. The debtor in *Stephenson* owned her homestead as a tenant by the entirety with her husband, who, like Mrs. Dick, did not file bankruptcy. The debtor in *Stephenson* also sought to avoid a judicial lien because it was alleged to impair the homestead exemption she claimed in her survivorship

interest. The *Stephenson* Court, after recognizing that only the debtor's survivorship interest passes into the bankruptcy estate, stated that "[t]he debtor, however, has no homestead exemption in this right. *See, Ray v. Dawson*, 10 B.R. at 685." *In re Stephenson*, 19 B.R. at 189. This statement from *Ray v. Dawson*, 10 B.R. 680, 685 (Bankr.E.D.Tenn.1981), aff'd. 14 B.R. 822 (E.D.Tenn.1981), however, should be read in context with that Court's entire opinion. A closer look at *Ray v. Dawson* is necessary.

In *Ray v. Dawson*, the debtor owned a residence as a tenant by the entirety with his wife, who also was not a debtor in bankruptcy. At issue in *Ray* was whether the trustee could sell the entire property even though the wife was a tenant by the entirety and not in bankruptcy. The *Ray* Court, after discussing Tennessee property law and the Bankruptcy Code, concluded that "the estate's interest is only the debtor's right of survivorship" and that "[t]he estate will receive all the proceeds from sale of this interest." *Id.* at 684. That Court continued, however, holding that "[t]he purchaser will take it subject to the debtor's right to a homestead exemption *if he is the survivor*." *Id.* (Emphasis added). The somewhat confusing sentence taken in isolation and relied upon by the *Stephenson* Court came from another portion of the opinion where the *Ray* Court was issuing its order. The *Ray* Court ordered the trustee to sell the debtor's survivorship right, but ordered that the debtor "will be entitled to no exemption *from the proceeds*." *Id.* at 684–85 (Emphasis added). The *Ray* Court did not mean, by this statement, that the debtor was entitled to no homestead exemption in his survivorship right. Rather, the Court was only saying that the debtor was not to receive any of the proceeds from the immediate sale of that survivorship right. While not stated in the opinion, the reason for withholding the proceeds from the debtor is that, at the time of sale, both the debtor and his wife were still alive and it was unknown whether the debtor would survive his wife. If the debtor did not survive his wife, then the purchaser's survivorship interest would

be defeated and the wife would own the property in fee simple. If the debtor did survive his wife, then the purchaser's previously contingent interest would vest and the purchaser would then own the property in fee simple but then subject to the debtor's homestead exemption. This explains the *Ray* Court's statement that "[t]he purchaser will take it subject to the debtor's right to a homestead exemption if he is the survivor." *Id.* at 684. If the debtor were allowed to receive his homestead exemption when the survivorship interest was sold, then the debtor would have received a windfall in the event that he did not survive his wife.

This conclusion as to the effect of exemptions on a survivorship interest is supported by subsequent bankruptcy court decisions in Tennessee. *See In re Walls*, 45 B.R. 145. At issue in *Walls* was the trustee's right to sell a right of survivorship in a marital residence owned by the debtor and his nondebtor spouse as tenants by the entirety. The Court, quoting *Ray v. Dawson*, concluded that the trustee could sell the debtor's right of survivorship but that the debtor would not receive his homestead exemption from the proceeds of that sale. *Id.* at 149. The *Walls* Court then held that when the trustee sold the debtor's survivorship interest, the purchaser "would take subject to the debtor's defeasible homestead right." *Id.*

Again, in *In re Elsea*, 47 B.R. 142 (Bankr.E.D.Tenn.1985), the issue was whether the debtor, who claimed his homestead exemption in property owned as tenants by the entirety with his nondebtor wife, was "entitled to recover the dollar amount of the homestead exemption from the proceeds of the sale" of the debtor's survivorship interest. *Id.* at 144. That Court answered emphatically, "No." *Id.* The *Elsea* Court continued:

> There is no good practical reason to allow the homestead exemption from the proceeds of a sale of the right of survivorship. Sale of the right of survivorship will not deprive the debtor of the use of the property. That will occur only if the debtor is the survivor. Then the pur-

chaser will be entitled to the property. By that time the debtor could already have spent a cash homestead exemption allowed when his survivorship interest was sold. The better approach is to sell the survivorship interest subject to the debtor's right to a homestead exemption if and when he is a survivor. [Citations omitted]. Judge Clive Bare of this district has recently entered an opinion agreeing with this conclusion. *In re Walls,* 45 B.R. 145, 12 B.C.D. 663 (Bankr. E.D.Tenn.1984).

*Id.*

From the foregoing it is evident that this debtor does have a homestead exemption in his survivorship right, which is now part of the bankruptcy estate. The debtor, however, may not receive the cash value of that exemption from the proceeds of any sale of that survivorship right. Rather, the survivorship right, if sold by the trustee, will be encumbered by the debtor's homestead exemption and the debtor will receive the cash value of his exemption if and when he survives his wife. If the trustee abandons the debtor's survivorship interest, the debtor still has no cash exemption to realize until and unless he is the survivor.

▌ Inasmuch as Ollar relies upon the proposition that the debtor has no homestead exemption in the survivorship interest, its conclusion is incomplete. From *Walls, Elsea,* and the Tennessee authorities cited therein, it is obvious that the debtor has a homestead exemption in this survivorship interest. It is also well established that the debtor may not claim any proceeds from the sale of that survivorship interest and that any purchaser takes the survivorship interest subject to the debtor's homestead exemption. This survivorship interest, however, is contingent upon the debtor surviving his wife. Ollar focuses on the contingent nature of the interest, arguing that the debtor is entitled to no exemption in a contingent survivorship interest. If Ollar's argument were accepted, however, then the debtor and would-be purchaser of the survivorship interest would be faced with the following possibility: Ollar, because its lien could not be avoided,

would receive payment and the purchaser would take the survivorship interest subject to the debtor's homestead exemption. If the debtor were to thereafter predecease his wife, then Ollar would have been able to enforce its lien against a once contingent, but now nonexistent interest in the property. In other words, Ollar would have received a windfall if the debtor's contingent survivorship interest is sold, Ollar is paid, and the debtor thereafter predeceases his wife. Therefore, the proper approach, if the trustee were selling the survivorship interest, is to allow the survivorship interest to be sold subject to the debtor's contingent homestead . exemption. Only if there were sufficient proceeds from a sale of the debtor's survivorship interest to escrow the debtor's contingent $5,000.00 homestead exemption, and to pay the trustee's commission and expenses, would Ollar's judicial lien then attach to the excess sale proceeds. In the alternative, Ollar's lien satisfaction would remain otherwise subject to the debtor's defeasible exemption. However, there is no indication that the trustee intends to sell this survivorship interest and in fact the trustee has filed a "Report of No Distribution" to creditors.

Ollar, focusing on the "to the extent" language of § 522(f), further argues that its lien does not impair the debtor's $5,000 homestead exemption because the debtor and his spouse presently have $18,000 worth of equity in the residence, which is more than sufficient to satisfy Ollar's judgment lien. Counsel for Ollar errs by assuming that the trustee may sell both the debtor's and his non-debtor spouse's interest in the property for the benefit of the estate or that otherwise realization of the total equity may satisfy Ollar's judicial lien. The survivorship interest of the judgment debtor is "the only interest in entireties property a creditor may currently reach under Tennessee law where the indebtedness is sole and not a joint obligation of both tenants by the entirety." *In re Walls,* 45 B.R. at 148 n. 7, citing *Citizens & Southern National Bank v. Auer,* 640 F.2d 837 (6th Cir.1981). There is no claim by Ollar of a joint obligation or indebtedness of the debtor and his non-debtor

spouse, nor does Ollar allege that its judgment is against both the debtor and his spouse. Therefore, Ollar's recorded judgment acts only as a judicial lien against the debtor's survivorship interest in the entireties property. The $18,000 worth of equity in the property represents both the debtor's and his non-debtor spouse's interest as tenants by the entirety. It does not represent the value of the survivorship interest. The value of the survivorship interest is what it would bring at a sale by the trustee.

Since the trustee does not propose to sell the survivorship interest, the question still remains whether Ollar's judicial lien impairs the debtor's homestead exemption in the contingent survivorship interest. Apparently, this issue is one of first impression in Tennessee. All of the reported Tennessee bankruptcy decisions with facts similar to those in this case have one major distinction; that is, the trustees in those cases were proposing to sell the contingent survivorship interest for the benefit of the estates. *See, e.g., In re Elsea,* 47 B.R. at 144; *In re Walls,* 45 B.R. at 149; *Ray v. Dawson,* 14 B.R. at 823. Here, since the trustee is not proposing to sell the survivorship interest, there will be no proceeds from which to satisfy the debtor's homestead exemption or Ollar's judicial lien. The problem with determining whether Ollar's judicial lien impairs the debtor's contingent homestead exemption is that it is difficult, if not impossible, to put a value on the survivorship interest without a sale by the trustee. Indeed, over time the debtor and his wife will gradually reduce the amount of indebtedness on their home as they continue to make mortgage payments. As this happens, the debtor's contingent survivorship interest will increase in value. In the event that the debtor survives his wife, his contingent survivorship interest will vest and he will own the property in fee simple. At that time, the property may be worth enough to satisfy Ollar's judicial

lien without impairing the debtor's $5,000.00 homestead exemption.[2] Therefore, this Court concludes that the better approach is to let Ollar's judicial lien stand until the debtor's contingent interest either vests or is destroyed. If this contingent survivorship interest vests, the debtor may move the Court to reopen his case pursuant to 11 U.S.C. § 350(b) for the purpose of moving to avoid Ollar's judicial lien "to the extent that" Ollar's judicial lien then impairs the debtor's homestead exemption. 11 U.S.C. § 522(f)(1). Or, of course, the debtor might at some future date file another bankruptcy case.

The debtor erroneously relies on *Owen v. Owen, supra,* as support for the proposition that Ollar's judicial lien may be avoided now regardless of the amount of equity that exists in the property above the debtor's homestead exemption. *Owen* dealt with a state law that attempted to define exempt property in such a way as specifically to exclude property encumbered by judicial liens. There, the Supreme Court held that judicial liens may be avoided under § 522(f)(1) even though a state statute has attempted to exclude property subject to judicial liens from its list of exempt property. *Owen* did not construe the "to the extent" language of § 522(f); rather, *Owen* found it appropriate "[t]o determine the application of § 522(f) [by] ask[ing] not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but not for the lien itself." 111 S.Ct. at 1836–37.[3] In the present case we do not know whether the debtor would be entitled to an exemption because it is not yet a vested interest in the homestead. As the Supreme Court pointed out in *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), § 522(f) permits "the avoidance of a lien only where the lien attached to the debtor's interest at some point after the debtor ob-

**2.** Interest on Ollar's judicial lien will also accrue over time at 10% pursuant to Tenn.Code Ann. § 47–14–121.

**3.** For a discussion of *Owen* and its impact on lien avoidance under § 522(f), *see generally*

Delk, "Lien Avoidance Under Section § 522(f) Of The Bankruptcy Code: The Winding Road To The Supreme Court," 26 WAKE FOREST L.REV. 879 (1991).

tained the interest." 111 S.Ct. at 1828–29. This debtor has not yet obtained an indefeasible homestead interest.

## CONCLUSION

From the authority and rationale discussed herein, it is clear that this debtor does not yet have a vested individual ownership in which he may claim a homestead exemption in this bankruptcy case. Just as *Sanderfoot* looked to state law to determine when a debtor acquired an interest in property, this Court has evaluated state law as it applies to survivorship interests in tenancy by entireties property. *See,* 111 S.Ct. at 1830. Only this debtor's survivorship interest became property of this estate, and a determination of whether Ollar's judicial lien will eventually impair that contingent interest would be speculative and premature. It is not the judicial lien which presently impairs this debtor's exemption; rather, the exemption is impaired by its nonexistence at the present time. Also, assuming that the debtor today became the surviving tenant, there would be sufficient equity to satisfy both the debtor's vested homestead exemption and Ollar's judicial lien, and there would then be no impairment of the exemption. Therefore, the debtor's motion to avoid Ollar's judicial lien is denied without prejudice to it being renewed in the event the case should be reopened if the debtor becomes the surviving tenant.

SO ORDERED.

Stanley J. Kline, Memphis, Tenn., for debtors.

Roger A. Stone, Memphis, Tenn., for Commercial Credit Plan, Inc.

Richard T. Doughtie, III, Memphis, Tenn., Chapter 7 Trustee.

Julie C. Chinn, Memphis, Tenn., Asst. U.S. Trustee.