**In re Clarence Donald ARWOOD, Sr., Debtor.**

**No. 02–34564.**

United States Bankruptcy Court, E.D. Tennessee.

Feb. 4, 2003.

Ann Mostoller, Esq., Oak Ridge, TN, Chapter 7 Trustee.

F. Chris Cawood, Esq., Kingston, TN, for Debtor.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This contested matter is before the court on the Objection to Debtor's Claim of Exemption (Objection) filed on October 15, 2002, by Ann Mostoller, Chapter 7 Trustee (the Trustee), in which the Trustee objects to the Debtor's claim to a homestead exemption in property owned jointly with his non-filing spouse as tenants by the entireties. The Debtor filed his Debtor's Response to Trustee's Objection on October 18, 2002, asserting that under Tennessee's homestead exemption statute, he is entitled to claim a homestead exemption in the property.

A hearing on the Objection was held on November 7, 2002, at which time the parties agreed that an evidentiary hearing would not be necessary. The court will therefore make its ruling upon written Stipulations filed on December 20, 2002, setting forth undisputed facts and documents, and on briefs filed by each party. The Debtor filed his brief on January 7, 2003, and the Trustee filed her brief on January 9, 2003.

The issue before the court is whether the Debtor's $5,000.00 homestead exemption claimed pursuant to Tennessee Code Annotated section 26–2–301 (2000) (Tennessee's Homestead Statute) in real property owned by the entireties with his non-debtor wife may also be claimed in his survivorship interest which constitutes an asset of his bankruptcy estate.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

### I

The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 7 on September 3, 2002. On his Schedule A, the Debtor listed his residential real property, located at 246 Charlotte Drive, Spring City, Rhea County, Tennessee 37381 (the Real Property), stating that his interest in the Real Property had a current fair market value of $35,700.00, subject to a secured claim of $26,000.00. The Debtor also listed the Real Property on his Schedule C, claiming a $5,000.00 homestead exemption pursuant to Tennessee's Homestead Statute. The Debtor owns the Real Property jointly with his non-filing, non-debtor spouse as tenants by the entireties.

The Trustee filed her Objection on the basis that a homestead exemption is unavailable to a debtor owning real property by the entireties if the spouse does not also file. The Debtor argues that he is entitled to his homestead exemption pursuant to Tennessee's Constitution and Tennessee's Homestead Statute.

### II

■ A bankruptcy estate is formed upon the filing of a petition under any chapter of the Bankruptcy Code, and property owned by a debtor becomes property of that bankruptcy estate. *See* 11 U.S.C.A. § 541 (West 1993). However, a

debtor may exempt certain property as allowed by Bankruptcy Code § 522, which provides in material part:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
>
> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C.A. § 522 (West 1993 & Supp. 2002). "A debtor shall list the property claimed as exempt under § 522 ... on the schedule of assets required to be filed ...." FED. R. BANKR. P. 4003(a). "Exempt property is subtracted from the bankruptcy estate and not distributed to creditors." *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D.Tenn.1998). This ensures that "a debtor coming out of the bankruptcy process retains sufficient property to obtain a fresh start and to provide the debtor with the basic necessities of life so that he will not be left entirely destitute by his creditors." *Id.*

Section 522(b), known as the "opt out" provision, allows states to use their own exemptions rather than the federal exemptions enumerated in § 522(d). Tennessee has "opted out" of the federal exemptions pursuant to Tennessee Code Annotated section 26–2–112, which reads:

> **Exemptions for the purpose of bankruptcy.**—The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d).

TENN. CODE ANN. § 26–2–112 (2000). *See also Rhodes v. Stewart,* 705 F.2d 159, 161–62 (6th Cir.1983) (finding Tennessee's "opt-out" statute is constitutional).

Accordingly, the Debtor in this case, desiring to claim a homestead exemption in the Real Property, must use the homestead exemption provided for by Tennessee's Homestead Statute, which provides in material part:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); ....
>
> (b) If a marital relationship exists, a homestead exemption shall not be alien-

ated or waived without the joint consent of the spouses.

Tenn. Code Ann. § 26–2–301.

A debtor may claim exemptions as to certain property; however, "[a] party in interest may file an objection to the list of property claimed as exempt . . . ." Fed. R. Bankr. P. 4003(b). The party objecting to an exemption bears the burden of proving that the debtor is not entitled to the exemption by a preponderance of the evidence. *See* Fed. R. Bankr. P. 4003(c); *In re Sumerell,* 194 B.R. 818, 823 (Bankr. E.D.Tenn.1996).

## III

Tennessee recognizes tenancy by the entireties as "a form of property ownership which is unique to married persons" and in which there exists a right of survivorship. *Grahl v. Davis,* 971 S.W.2d 373, 378 (Tenn.1998). Essentially, "each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part" and ownership of the property, as a whole, fully vests in the surviving spouse upon the death of the other spouse. *Id.* (quoting *Sloan v. Jones,* 192 Tenn. 400, 241 S.W.2d 506, 507 (1951)).

### A

In support of his assertion that he is entitled to the $5,000.00 homestead exemption pursuant to Tennessee's Homestead Statute, the Debtor emphasizes subsection (b), discussing alienation and/or waiver of the exemption without consent of both spouses when an entireties relationship exists. He urges the court to read subsection (b) in conjunction with Tennessee Code Annotated section 31–1–104, which provides, in material part, that "the homestead exempt in the possession of or belonging to each head of a family shall, upon that person's death, . . . go to the surviving spouse during the surviving

spouse's natural life . . . ." Tenn. Code Ann. § 31–1–104 (2001). It appears to the court, however, that this section deals with the right of a surviving spouse to apply for and receive a homestead exemption of $5,000.00 from the deceased spouse's probate estate, exempting said amount from the reach of the deceased spouse's creditors. *See* Tenn. Code Ann. §§ 30–2–102, –201 to 211, –305 (2000). This purpose is separate and apart from that of the homestead exemption allowed by the Bankruptcy Code and that of Tennessee's Homestead Statute and, thus, has no application in a debtor's bankruptcy estate.

### B

The Debtor next argues that the alienation language of Tennessee's Homestead Statute subsection (b), referencing "a" homestead exemption instead of "the" homestead exemption, signifies that "there are two distinct components of homestead interests" in entireties property and that he has not only a present joint possessory right with his wife but also a "future interest of either succeeding to his wife's interest or maintaining his own." *Debtor's Brief,* at 4. The Debtor asserts that not allowing the Debtor to claim an exemption in his future interest "defeats the purpose" of the homestead exemption. *Id.* Furthermore, the Debtor argues that under § 522(b)(2)(B), he is entitled to claim a homestead exemption as to both of these interests.

The Debtor correctly states that there are two separate components to his interest in the Real Property, a present possessory interest and a future survivorship interest; however, under Tennessee law, "Tennessee does not consider entireties property to be the property of each individual spouse." *Arango v. Third Nat'l Bank (In re Arango),* 992 F.2d 611, 615 (6th Cir.1993). Tenants by the entireties

have "a joint right to the use, control, ... and possession of property so held, and neither may sell, encumber, alienate or dispose of any portion thereof except his or her right of survivorship, without the consent of the other." *Robinson v. Trousdale County,* 516 S.W.2d 626, 632 (Tenn. 1974). The Sixth Circuit, in *Arango,* summarized Tennessee's tenancy by the entireties law as follows:

> Under tenancy by the entirety, the husband and wife *as a unit* have the right to the current use and enjoyment of the property. As individuals, they each possess a right of survivorship; if one spouse dies, then the other spouse takes the property in fee simple absolute. Each spouse may convey his or her right of survivorship without the consent of the other. However, the husband and wife's present right to use and enjoy the property may be transferred only by consent of both the husband and the wife. Therefore, a third party, such as a lien creditor, may own one spouse's right of survivorship without the consent of the other spouse, but a third party may not own a present possessory interest in the property without the approval of both spouses. Accordingly, a creditor of only one spouse may execute a judgment against only that spouse's right of survivorship but not against the spouse's present possessory interest.

*Arango,* 992 F.2d at 613 (internal citations omitted).

■ Additionally, with respect to the argument that the exemption is provided pursuant to § 522(b)(2)(B), the Sixth Circuit's *Arango* decision is also determinative.

> Congress implicitly defines all of Arango's interest in entireties property as property which is part of his individual bankruptcy estate, but exempts his interest in entireties property from his

bankruptcy estate to the extent that his interest is not subject to execution under Tennessee law. Therefore, incorporating Tennessee law into 11 U.S.C. § 522(b)(2)(B), as required by the subsection, Arango's bankruptcy estate does not include his present possessory interest in property he holds as a tenant by the entirety, but his bankruptcy estate does include his right of survivorship in that property.

> . . . .

> By writing in section 522(b)(2)(B) that entireties property is exempt from the bankruptcy estate, Congress implies that an individual's entireties property is a "legal or equitable interest" in property that is part of his bankruptcy estate, despite the fact that Tennessee law does not consider entireties property to be owned by an individual.

*Id.* at 614 (internal citations omitted). Accordingly, § 522(b)(2)(B) does not entitle the Debtor to claim an exemption on entireties property; instead, it entitles him to exempt his possessory interest in the Real Property, allowing him to maintain possession of his home without the threat of a third party encumbering that right.

In summary, because the Debtor has filed for bankruptcy and his spouse has not, "his bankruptcy estate [includes] only his right of survivorship in the [Real Property]." *Weaver v. Hamrick,* 907 S.W.2d 385, 389 n. 4 (Tenn.1995) (citing *Arango,* 992 F.2d at 614); *see also Nunley v. Paty Co. (In re Nunley),* 109 B.R. 784, 787 (Bankr.E.D.Tenn.1990) ("[W]here a debtor's spouse is not in bankruptcy, Tennessee law limits the estate's interest in entireties property to the debtor's right of survivorship."); *In re Walls,* 45 B.R. 145, 146 (Bankr.E.D.Tenn.1984) ("[W]here a debtor's spouse is not in bankruptcy[,] Tennessee law permits the bankruptcy

trustee to sell only the survivorship interest of the debtor in entireties property.").

## IV

■ The bankruptcy courts in Tennessee have consistently held that "[a] debtor has no homestead exemption in the right of survivorship." *Nunley,* 109 B.R. at 787 (citing *In re Elsea,* 47 B.R. 142, 144 (Bankr.E.D.Tenn.1985); *Stephenson v. Gen. Motors Acceptance Corp. (In re Stephenson),* 19 B.R. 185, 189 (Bankr. M.D.Tenn.1982); *Ray v. Dawson (In re Dawson),* 10 B.R. 680, 684 (Bankr. E.D.Tenn.1981), *aff'd* 14 B.R. 822 (E.D.Tenn.1981)). The Debtor argues that the decision of the United States Bankruptcy Court for the Western District of Tennessee in *In re Dick,* 136 B.R. 1000 (Bankr.W.D.Tenn.1992), provides otherwise and is determinative as to his claim of a homestead exemption in the Real Property. The Debtor relies upon the *Dick* court's statement that "it is evident that this debtor does have a homestead exemption in his survivorship right, which is now part of the bankruptcy estate." *Dick,* 136 B.R. at 1004. These statements can be reconciled, however, and the result remains that the Debtor cannot claim his exemption in the Real Property.

*Dick* was decided in the context of a debtor seeking to avoid a creditor's judgment lien recorded against property owned jointly with his non-debtor spouse as tenants by the entireties. *Id.* at 1001. In support of his motion, the debtor argued that he was allowed to claim his $5,000.00 homestead exemption in the entireties property and that the creditor's pre-petition judicial lien impaired that exemption. *Id.* In response, the creditor argued that although the debtor's survivorship interest passed into his bankruptcy estate, the homestead exemption did not. *Id.* In response, the court examined Tennessee law

governing tenancies by the entireties and their inter-relation to the homestead exemption. *See id.* at 1001–04. After a careful analysis, the court stated:

> From the foregoing it is evident that this debtor does have a homestead exemption in his survivorship right, which is now part of the bankruptcy estate. The debtor, however, may not receive the cash value of that exemption from the proceeds of any sale of that survivorship right. Rather, the survivorship right, if sold by the trustee, will be encumbered by the debtor's homestead exemption and the debtor will receive the cash value of his exemption if and when he survives his wife. If the trustee abandons the debtor's survivorship interest, the debtor still has no cash exemption to realize until and unless he is the survivor.

*Id.* at 1004.

Because the trustee had actually abandoned the property at issue, the court's analysis continued to determine whether the creditor's judicial lien impaired the debtor's homestead exemption. *Id.* at 1004–05. The court determined that the debtor had a "contingent homestead exemption" in his survivorship interest and found that the creditor's lien should "stand until the debtor's contingent interest either vests or is destroyed." *Id.* at 1005. The court did not allow the debtor to avoid the lien because, at the time of his bankruptcy, the debtor could not know whether he would "be entitled to an exemption because it is not yet a vested interest in the homestead." *Id.* at 1005. In conclusion, the court stated:

> From the authority and rationale discussed herein, it is clear that this debtor does not yet have a vested individual ownership in which he may claim a homestead exemption in this bankruptcy case.... [T]his court has evaluated

state law as it applies to survivorship interests in tenancy by entireties property. Only this debtor's survivorship interest became property of this estate, and a determination of whether [the] judicial lien will eventually impair that contingent interest would be speculative and premature. *It is not the judicial lien which presently impairs this debtor's exemption; rather, the exemption is impaired by its nonexistence at the present time.*

*Id.* at 1006 (emphasis added).

When considered in its entirety, the *Dick* case also makes it clear that, based upon Tennessee law co-mingled with the Bankruptcy Code, the Debtor does not have a right to claim his homestead exemption in the Real Property because he does not actually have a fully vested interest in either the Real Property or the homestead exemption thereupon. If the Debtor survives his spouse, he will become fully vested in the Real Property, and at that time, he will also become fully vested in the homestead exemption provided by Tennessee's Homestead Statute.

## V

■ Finally, the Debtor concedes that if the Trustee wishes to sell the Debtor's right of survivorship in the Real Property, she may do so; however, he maintains that she may not accept an amount less than $5,000.00, representing his homestead exemption. The Debtor erroneously relies again upon the anti-alienation language of Tennessee's Homestead Statute to support this contention. However, this precise issue was previously addressed by the court in *In re Walls*, 45 B.R. 145 (Bankr. E.D.Tenn.1984), and answered in the negative.

In *Walls*, the debtor and his non-filing spouse owned real property as tenants by the entireties. *Id.* at 146. The trustee proposed to sell the debtor's right of survivorship, with bidding to start at $500.00, the amount of a bid that had already been tendered and would be accepted if no greater offer was presented. *Id.* The debtor objected to the sale, insisting that the trustee could not sell the property for less than the $5,000.00 homestead exemption provided by Tennessee statute.[1] *Id.* The court acknowledged that, under Tennessee law, "the homestead right is a right of occupancy, not an estate in land, and that a remainder or reversionary interest may be sold subject to the homestead exemption." *Id.* at 147 (citing, among others, *Carey v. Carey*, 163 Tenn. 486, 43 S.W.2d 498 (1931)). "The object of this exemption 'is not alone to benefit the debtor, but also and mainly to protect the family in the possession of a home....'" *Id.* (quoting *Swift v. Reasonover*, 168 Tenn. 305, 77 S.W.2d 809 (1935)). Subject thereto, the court then held that the homestead statute did not "in any way preempt a trustee's sale of a debtor's survivorship interest in entireties property." *Id.* at 149. As the court explained:

> The purpose of the homestead statue is fulfilled through sale of the survivorship interest subject to the debtor's defeasible homestead right. The debtor and his wife may continue to occupy the entireties property during their joint lives. The purchaser at the trustee's sale of the debtor's survivorship interest cannot obtain possession of the entireties property, nor is he entitled to profits or rents during the joint lives of the debtor and his wife. If the debtor predeceases his wife, the purchaser's interest will be extinguished. On the other

---

**1.** The homestead statute at issue in *Walls*, Tennessee Code Annotated section 26–2–301

(1980), is identical to the statute as it now exists.

hand, if the debtor survives his wife, the purchaser will succeed to the fee interest subject to the debtor's homestead right. In either event the debtor is afforded the protection and exemption to which he is entitled. Further, creditors are afforded an opportunity at the chance of reaching the equity in the debtor's entireties property.

The trustee may sell the debtor's survivorship interest in his marital residence subject to the debtor's homestead right . . . .

*Id.* (internal citations omitted).

Along those lines, if the Trustee does sell the Debtor's survivorship interest in the Real Property, the Debtor is not entitled to receive any portion of the proceeds from such sale. Again, this precise question was addressed in *In re Elsea,* 47 B.R. 142 (Bankr.E.D.Tenn.1985). In response to the trustee's inquiry of whether the debtor would be entitled to recover the dollar amount of the claimed homestead exemption from proceeds of the trustee's sale of his right of survivorship in entireties property, the court held:

> There is no good practical reason to allow the homestead exemption from the proceeds of a sale of the right of survivorship. Sale of the right of survivorship will not deprive the debtor of the use of the property. That will occur only if the debtor is the survivor. Then the purchaser will be entitled to the property. By that time the debtor could already have spent a cash homestead exemption allowed when his survivorship interest was sold. The better approach is to sell the survivorship interest subject to the debtor's right to a homestead exemption if and when he is the survivor.

*Elsea,* 47 B.R. at 144.

### VI

In summary, the only interests presently enjoyed by the Debtor in the Real Property owned jointly with his non-filing spouse as tenants by the entireties are a right of survivorship and a right of possession. By virtue of § 522(b)(2)(B), the only interest that became property of the Debtor's bankruptcy estate is his right of survivorship in the Real Property. The Debtor does not have a vested homestead exemption in his survivorship interest in the Real Property. He does, however, have a contingent exemption in the Real Property that may only be realized if he survives his spouse and becomes fully vested in the Real Property.

Likewise, if the Trustee chooses to sell the Debtor's survivorship interest in the Real Property, she is not required to accept $5,000.00 or more. The Debtor's survivorship right will be purchased subject to the Debtor's contingent homestead right. Only if he survives his spouse will the Debtor actually be entitled to realize and receive a homestead exemption in the amount of $5,000.00.