**In re Jerry LATHAM, Donna Latham, Debtors.**

**No. 04–33361.**

United States Bankruptcy Court, E.D. Tennessee.

Nov. 1, 2004.

Melissa J. Wortley, Knoxville, TN, for Debtors.

Mostoller, Stulberg & Whitfield, Ann Mostoller, Oak Ridge, TN, Chapter 7 Trustee.

### MEMORANDUM ON OBJECTION TO DEBTORS' CLAIMED EXEMPTION

RICHARD S. STAIR, JR., Bankruptcy Judge.

This contested matter is before the court upon the Objection to Debtor(s)' Claim of Exemption filed by the Chapter 7 Trustee, Ann Mostoller, on August 12, 2004, and amended by the Objection to Debtor(s)' Amended Claim of Exemption filed on October 20, 2004 (collectively, Objection). The Trustee objects to the Debtors' Amended Schedule C filed on September 23, 2004, which lists Mr. Latham's interest in property received from his mother's estate as exempt personal property.

All facts and documents essential to the resolution of the Objection are before the court on the Stipulations of undisputed

facts and documents filed by the parties on October 12, 2004, Amended Stipulations filed on October 21, 2004, the Debtors' Trial Brief filed on October 21, 2004, and the Brief of Trustee in Support of Objection to Claimed Exemption filed on October 25, 2004.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

I

On March 20, 1984, the Debtor's mother, Emma Lee Messer Latham, executed her Last Will and Testament (Will), naming the Debtor's father, Allen Edward Latham, as primary beneficiary. Emma Latham's six children (Beneficiaries), including the Debtor, Jerry Edward Latham, were specifically named and designated as equal secondary beneficiaries in the event that Mr. Latham predeceased Mrs. Latham.[1] On March 17, 2000, the Debtor, Jerry Latham, entered into a loan agreement with his mother, Emma Latham, whereby he borrowed $7,200.00 to pay for medical expenses and treatments (Loan Agreement).[2] The Loan Agreement also stated that if Emma Latham passed away "prior to the repayment of this loan, said loan is to be repaid to her estate and will not be included in Jerry's portion of the inheritance."

At some time prior to March 2004, Emma Latham passed away, and her Will was probated in the Probate Court for Knox County, Tennessee. At that time, the Beneficiaries inherited all of Emma Latham's property, including real property located at 2208 Rambling Road, Knoxville, Knox County, Tennessee (Real Property).

The Beneficiaries entered into a contract with Jimmy M. Ray and wife, Bethany Ray, to purchase the Real Property for $81,200.00, and on March 4, 2004, the parties closed the sale of the Real Property. At this time, the Beneficiaries received a total of $71,222.08, and they executed a Tennessee Warranty Deed which was recorded with the Knox County Register of Deeds on April 6, 2004. After deducting the amount due under the Loan Agreement, the Debtor, Jerry Latham, was entitled to receive $4,670.35 from the proceeds of the sale.

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on June 24, 2004. In their original Schedule B, they listed as joint property Mr. Latham's 1/6 interest in Emma Latham's estate in the amount of $4,000.00. The Debtors additionally listed this interest as exempt property in their Schedule C, pursuant to Tennessee Code Annotated section 26–2–103 (2001). The Trustee filed her original objection on August 12, 2004, arguing that the Debtors cannot claim an exemption under that statute for equity in real property.

On September 23, 2004, the Debtors filed Amended Schedules B and C. Once again, the Debtors listed the interest as joint property, this time in the amount of $4,600.00, in their Amended Schedule B. In their Amended Schedule C, the Debtors list the $4,600.00 interest as exempt personal property. On October 20, 2004, the Trustee filed her objection to the Amended Schedule C, restating her earlier objection regarding the proceeds received from the sale of the Real Property, and additionally

1. Although not expressly established by the record, the court concludes that the Debtor's father, Allen Edward Latham, predeceased Emma Latham.

2. The documentation supporting this transaction is confusing. The court does not, however, find it necessary to reconcile any inconsistencies because the parties have stipulated to the essential facts surrounding the Loan Agreement.

arguing that the interest belongs only to Jerry Latham, and thus, cannot exceed $4,000.00.[3]

Pursuant to the Joint Statement of Issues filed on October 12, 2004, the issue before the court is whether the Debtors are entitled to claim an exemption under Tennessee Code Annotated section 26–2–103 "for proceeds from the sale of real property through a probate estate."[4] The Trustee contends that because the funds that the Debtors seek to exempt are traceable to the Real Property, they are not entitled to claim an exemption under the personal property exemption statute. The Debtors argue that the Debtors' interest in the Real Property was converted to personal property upon its sale, and accordingly, they are entitled to exempt the proceeds due from the sale as personal property.

## II

■■■ The filing of a bankruptcy petition creates a bankruptcy estate, and all property owned by a debtor is included within the estate. *See* 11 U.S.C.A. § 541 (West 2004). Even so, a debtor may exempt property pursuant to 11 U.S.C.A. § 522, which provides, in material part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place[.]

11 U.S.C.A. § 522 (West 2004); *see also* FED. R. BANKR. P. 4003. Exempted property "is subtracted from the bankruptcy estate and not distributed to creditors ... [to ensure that the debtor] retains sufficient property to obtain a fresh start[.]" *In re Arwood,* 289 B.R. 889, 892 (Bankr. E.D.Tenn.2003) (quoting *Lawrence v. Jahn (In re Lawrence),* 219 B.R. 786, 792 (E.D.Tenn.1998)). Accordingly, exemptions are liberally construed in favor of debtors. *In re Nipper,* 243 B.R. 33, 35 (Bankr.E.D.Tenn.1999). And, as with property of the estate, a debtor's exemptions are determined as of the date upon which the bankruptcy case commenced. *See* 11 U.S.C.A. § 522(b). Nonetheless, pursuant to Rule 4003(b) of the Federal Rule of Bankruptcy Procedure, any party in interest may object to the exemptions claimed by a debtor, although that party

---

**3.** The Debtors also claim the following joint exemptions under Tennessee Code Annotated section 26–2–103: cash on hand—$50.00; checking account—$50.00; and household furniture, furnishings, and appliances—$1,000.00. Of these exemptions, 50%, or $550.00, are allocable to each Debtor.

**4.** The parties stipulate, however, that "[t]he [Real Property] was never brought into the

estate." Additionally, the Settlement Statement associated with the March 4, 2004 sale of the Real Property shows that the $71,222.08 proceeds were paid directly to the Beneficiaries and not to Emma Latham's estate. The Stipulations therefore contradict the parties' statement that the Real Property was sold "through a probate estate."

bears the burden of proof that exemptions are improperly claimed. FED. R. BANKR. P. 4003(c).

Section 522 allows states to "opt out" of the federal exemptions enumerated in § 522(d) and use their own. *Arwood,* 289 B.R. at 892. Pursuant to Tennessee Code Annotated section 26–2–112, Tennessee has "opted out" of the federal exemptions:

> **Exemptions for the purpose of bankruptcy.**—The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d).

TENN. CODE ANN. § 26–2–112 (2000); *see also Rhodes v. Stewart,* 705 F.2d 159, 161–62 (6th Cir.1983) (finding Tennessee's "opt-out" statute is constitutional); *Arwood,* 289 B.R. at 892. Accordingly, debtors in Tennessee are required to use Tennessee's statutory exemptions.

The following exemption statute is at issue in this contested matter:

> **26–2–103. Personal property selectively exempt from seizure.**
>
> Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

TENN. CODE ANN. § 26–2–103. The Trustee argues that the Debtors may not exempt the proceeds of the Real Property sale because the interest inherited was real property, and the nature of that interest cannot be converted to personal property. On the other side, the Debtors argue that the proceeds owed from the sale of the Real Property may be exempted as personal property under this statute, having been converted from real property to personal property once the sale occurred in March 2004.

■ The Trustee correctly argues that the right to receive a testamentary devise is an interest in property, acquired immediately upon the testator's death, that is brought into a debtor's bankruptcy estate under § 541(a). *See Nashville City Bank & Trust Co. v. Peery (In re Peery),* 40 B.R. 811, 813–14 (Bankr.M.D.Tenn.1984). However, as the Debtors counter, the Trustee acquired no greater interest in the proceeds than the Debtors held at the time that they filed their Voluntary Petition, pursuant to state law. *See Minter v. Prasad (In re Minter),* 314 B.R. 164, 167–68 (Bankr.W.D.Tenn.2004); *Dunlap v. Cash Am. Pawn of Nashville (In re Dunlap),* 158 B.R. 724, 727 (M.D.Tenn.1993).

■ In Tennessee, "[a]n [enforceable] contract for the sale of land ... operates as an equitable conversion." *Walker v. Elam (In re Fowler),* 201 B.R. 771, 776 (Bankr.E.D.Tenn.1996) (citing 27A AM. JUR.2d *Equitable Conversion* § 10 (1996)). Under equitable conversion, "[t]he owner is subject to an enforceable obligation to convert the real property into money. The owner's interest becomes personal

property—the right to payment of the purchase price—and the buyer is treated as owner of the real property." *In re Bumpass,* 196 B.R. 780, 783 (Bankr.E.D.Tenn. 1996) (citing, among others, *Campbell v. Miller,* 562 S.W.2d 827 (Tenn.Ct.App. 1977)).

■ On March 4, 2004, the Beneficiaries executed a Warranty Deed for the sale of the Real Property to Jimmy and Bethany Ray for a purchase price of $81,200.00. Although not expressly stated in the record, this sale occurred as a result of the parties entering into an enforceable contract for the sale of the Real Property at some point prior to March 4, 2004. Nevertheless, when the Beneficiaries executed the Warranty Deed on March 4, 2004, they transferred their interest in the Real Property to the Rays, in exchange for personal property in the form of cash money. Therefore, at the very latest, as of March 4, 2004, the Beneficiaries' interest in the Real Property ceased to be an interest in real property, having been converted to an interest in personal property.

The Debtors' bankruptcy case was filed on June 24, 2004, more than three months following the sale of the Real Property. As of the date of filing, the only remaining interest in the Real Property was Jerry Latham's share of the purchase price, which was an interest in personal property. Accordingly, Jerry Latham is entitled to exempt the proceeds from the sale of the Real Property under Tennessee Code Annotated section 26–2–103. This exemption, however, is limited to $3,450.00.[5] Donna Latham has no exemption as she had no interest in the Real Property. The remaining $1,220.35 shall be turned over to the Trustee pursuant to 11 U.S.C.A. § 542

(West 2004) for distribution to the Debtors' creditors.

An order consistent with this Memorandum will be entered.

### *ORDER*

For the reasons set forth in the Memorandum on Objection to Debtors' Claimed Exemption filed this date, the court directs the following:

1. The exemption claimed by the Debtors under Tennessee Code Annotated section 26–2–103 (2001) in the amount of $4,600.00 is allowed as to the Debtor Jerry Latham in the amount of $3,450.00. The claimed exemption is disallowed as to the Debtor Donna Latham.

2. The Debtors shall, within ten (10) days, turn over to the Chapter 7 Trustee, Ann Mostoller, the $1,220.35 in proceeds remaining from the March 4, 2004 sale of the Debtor Jerry Latham's interest in the property located at 2208 Rambling Road, Knoxville, Tennessee.

SO ORDERED.

---

5. As the Debtors are each limited to a total exemption of $4,000.00 under Tennessee Code Annotated section 26–2–103, the other exemptions claimed under this section by the Debtors must also be included. *See supra* n. 3.